## Commonwealth v. Broaddus.

(Decided June 13, 1911.)

### Appeal from Madison Circuit Court.

Felony—Opening Packages, Boxes, etc., in Possession of Common Carrier—Appropriating Contents—Ky. Statutes, Sec. 1201 provides that "any person who shall open any box, barrel or other package containing personal property of any kind while in the possession of a common carrier for transportation or delivery, for the purpose of appropriating the contents to his own use, or to the use of another, shall be guilty of a felony and punished by confinement in the penitentiary not less than one nor more than five years." Held that this statute does not reach persons who take coal from the railroad company which it does not hold for transportation to another, but does reach persons guilty of the offense of opening any box, barrel or other package containing personal property of any kind in the possession of a common carrier for the purpose of appropriating the contents thereof to his own use or to the use of another.

JAMES BREATHITT, Atty. Genl., and C. H. MORRIS for appellant.

S. A. D. JONES for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The lower court sustained a demurrer to the following indictment:

"The grand jury of Madison County, in the name and by the authority of the Commonwealth of Kentucky, accuse Elzie Broaddus, of the crime of appropriating to his own use, property in the possession of a common carrier for transportation and delivery to another.

"That said Elzie Broaddus, on the 21st day of February, 1911, in the county aforesaid, did unlawfully and willfully appropriate to his, the said Broaddus' own use a lot of coal of value, which at the time was in the possession of the Louisville & Nashville Railroad Company, for the purpose of transportation and delivery to another," etc.

The indictment continues alleging that the Louisville & Nashville Railroad Company is a corporation and a common carrier of freight and passengers. The indictment was found under section 1201b, Kentucky Statutes, which it as follows:

"That any person who shall open any box, barrel or other package containing personal property of any kind while in the possession of a common carrier for transportation or delivery, for the purpose of appropriating the contents thereof to his own use, or to the use of another, or who shall appropriate to his own use, or to the use of another, any property in the possession of a common carrier for transportation or delivery, shall be guilty of a felony and shall be punished by confinement in the penitentiary for not less than one nor more than five years."

There is nothing in the record showing what induced the court to sustain the demurrer, and appellee has filed no brief. It is stated in the brief filed by the Attorney General, that he has information from the district attorney of that district to the effect that the demurrer was sustained because the court determined that the statute did not apply in this case as the coal was taken from open, flat cars; that it applied only when goods were taken from boxes, barrels or other packages. If the lower court did entertain such a view and for that reason sustained the demurrer, it was in error. It is true the first part of the statute applies to cases where goods are taken from boxes, barrels or other packages, but the latter part of it, to-wit:

"Or who shall appropriate to his own use, or the use of another, any property in the possession of a common carrier for transportation or delivery, shall be guilty of a felony," etc., does not require that the property taken be contained in boxes, barrels or other packages. Appellant was indicted for violating the latter part of the section. He was charged with unlawfully and willfully appropriating to his own use a lot of coal of value which was at the time in the possession of the railroad company for purpose of transportation and delivery to another. This statute does not reach persons who take coal from the railroad company which it does not hold for transportation to another, but does reach persons guilty of the offense charged in the indictment herein.

For this reason, the judgment of the lower court is reversed and cause remanded for further proceedings consistent herewith.