## Mulloy v. City of Louisville.

(Decided December 15, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. New Trial—Newly Discovered Evidence.—A new trial will not
be granted on the ground of newly discovered evidence where
it serves only to corroborate the evidence establishing the very
facts to which proof has already been introduced.
2. Trial—Practice.—Where a plaintiff tenders the issue and it is
accepted as tendered, the plaintiff should abide the result, al-
though it was possible to have presented a stronger case.
3. Negligence—Contributory Negligence—Instructions.—in an action
for personal injuries where the plaintiff's evidence raised the
question of contributory negligence, it was not error for the court
to instruct upon that point.

O'DOHERTY & YONTS for appellant.

W. J. O'CONNOR and PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant was the plaintiff below, and the jury
finding against her, she asks for a new trial on account
of newly-discovered evidence, and because of surprise
which ordinary prudence could not have guarded against.
She sued to recover $15,000 for injuries received in a
fall caused by negligent failure of the city to keep "the
sidewalk on the *north side of Oak street and Twelfth
street,* and the intersection of said two streets." in con-
dition reasonably safe for public travel. The unsafe and
negligent condition is described as follows:

"The existence of boards or planks or materials or
wood upon said sidewalk and intersection, and holes and
depressions upon said sidewalk and street and intersec-
tion, and piles of dirt and sand upon said sidewalk and
street and intersection."

It is further averred that, on August 23rd, 1910,
"while walking along *the north side of Oak street,* and
while undertaking to walk across a board or plank placed
there for the use of the public generally, and made neces-
sary by reason of the existence of the holes, depressions,
piles of sand, and other obstructions upon said street
and sidewalk, said board turned, and she was thereby
caused and made to fall to the ground, and to sustain
serious, painful, and permanent injury to her leg, back,

arms and nose, and internal injuries, and that her nerves and nervous system were shocked and impaired." This torn up condition of the street was due to the building or repair of a sewer at this intersection, and was in charge of the Sewerage Commission. The answer was a traverse, and an affirmative plea of contributory negligence.

The appellant testified that a physician was called that morning about four o'clock to see her sick child; that he wrote a prescription, and she took it to the drug store; that in going to the drug store she passed "the *northeast* corner of Twelfth and Oak, just about five o'clock, just getting daylight," and that she fell from a plank used by the public in getting from the street to the sidewalk. There is evidence to show this plank had been there for a week or more, and was necessarily used by pedestrians to avoid pools of water suffered to collect in the street, and that it had become twisted or warped, so that it did not have a firm rest at either end.

Concerning the question of contributory negligence, the time of day, and place of the accident were very material; that is, whether it was before or after daylight. This affected the degree of care she should use for her own safety. She claimed the accident occurred before it was light, and introduced several witnesses corroborating her on this question, and also as to the warped condition of the crossing board at the northeast corner. She introduced no witness who saw the accident, but others, including the physician called to treat her, testified as to the severity of her injuries.

The city, by way of defense, introduced a number of witnesses, some of whom saw the accident, and, from their testimony, it must have occurred between seven and nine o'clock in the morning. Among these witnesses are the druggist who filled the prescription, and workmen engaged on the sewer construction. These witnesses fix the time when it was good daylight, and when there was no reason why she was unable to see the defect, if it existed. They also testify that she did not receive her injuries on the *northeast* corner, but that it was on the *northwest* corner, and that she did not fall from the warped plank on the northeast, but from a four plank platform on the northwest. They say the platform was not warped, but had been knocked slightly out of position, a few minutes before the accident, by a delivery wagon.

Appellant says: "To the amazement and surprise of plaintiff and her counsel, it was, for the first time, suggested upon the trial of the case, in the face of the pleadings and evidence theretofore obtained, that the accident did not occur at the *northeast corner* of Twelfth and Oak, but on the northwest corner." And, in support of her motion for a new trial on this ground of surprise and newly-discovered evidence, she files affidavits of several witnesses. The statement of these witnesses would serve to corroborate her testimony that the accident occurred about five o'clock, but none of them saw the accident or know whether it occurred on the northeast or northwest corner; that is, whether she fell from the warped blank or from the platform.

Waiving the question of diligence in procuring these witnesses, do the facts warrant the court in granting plaintiff a new trial? A motion for a new trial on such grounds ordinarily comes from the defendant. The petition did not fix the place of accident any more definitely than the north side of Twelfth and Oak. Under this somewhat general issue as to place, the plaintiff located the accident on the northeast corner of Twelfth and Oak and as occurring from the warped and twisted board. Under the issue tendered, it was competent for the defendant to prove, not only that the accident did not occur at the northeast corner, nor at five o'clock, but that she did get a fall between seven and nine o'clock, after it was good daylight, and at another place, and from other causes than testified to by plaintiff. When the plaintiff announced ready for trial, it amounted to a challenge that she was prepared to prove her case. If, after the trial on the general issues tendered, and which has resulted favorably to the defendant, the plaintiff discovers other witnesses who would strengthen her case, and make her evidence preponderate, is it not too late to ask for a new trial? She has had her day in court; she knew what facts she relied upon and needed to establish. If, during the trial, she discovers that her case has been erroneously prepared, or that she has not enough proof to support the issue tendered, she may save the case by dismissing without prejudice, or ask for a continuance on satisfactory reasons shown to the court. Failing to do this, she ought to be precluded by the judgment.

When the defendant finds himself in such a predicament, he has no power to dismiss. But he should ask

for a discharge of the jury and continuance of the case, rather than a new trial for newly-discovered evidence. In the case of Remley v. I. C. R. R. Co., 151 Ky., 796, we said:

"Where a party is taken by surprise by the introduction of evidence, he should, on this ground, move to set aside the swearing of the jury and for a continuance, and his failure so to do before the verdict precludes him from such relief after verdict."

To the same effect are the cases of Jones' Admr. v. L. & N. R. R. Co., 32 Ky. L. R., 1371; Monarch v. Cowherd, 114 S. W. Rep., 276.

In this case the newly-discovered evidence is parol, and, although material, it serves only to corroborate the evidence establishing the very facts to which plaintiff has already introduced proof. In other words, the case amounts to this. When all the evidence was in, she did not have enough proof, or, at least, as much proof as defendant had on the questions at issue. When the plaintiff tenders the issue and it is accepted as tendered, the plaintiff should abide the result, although it was possible for her to have presented a stronger case. The result may be a hardship to her, but the misfortune is hers. The defendant has rights which must be considered in the same connection, and unless the plaintiff has been deceived or lulled into a sense of security by some improper conduct of the defendant, then she must suffer for going into and proceeding with the trial when unprepared to meet the issues. To grant a new trial to the plaintiff under the circumstances would set a precedent with a tendency to prolong instead of settle litigation. McFarland's Admr. v. Clark, 9 Dana, 136.

Neither do we think the appellant was prejudiced by the instructions which required the jury to believe that the accident occurred on the northeast corner before they could find for her. She testified that it occurred there. All the witnesses agreed that the warped plank was there. That is the only ground of negligence she relied on. The city was not negligent as to conditions at the other corner, if indeed they were unsafe. There was some proof on the question of contributory negligence if the injury occurred at the northeast corner. She admitted that she was in a hurry to have the prescription filled; she thought her child was about to die. The time of day when the accident occurred and her manner of approaching and crossing the place, as brought out by

the testimony of her own witnesses, raises the question of contributory negligence, and the court did not err in giving an instruction on the point.

The judgment of the lower court is affirmed.