## Commonwealth v. Johnson.

(Decided October 18, 1918.)

### Appeal from Bracken Circuit Court.

1. Receiving Stolen Goods—Punishment.—The punishment for knowingly receiving stolen goods from a railroad company in transpor-

tation is fixed by section 1201b Kentucky Statutes, even though the property taken be of less value than twenty dollars.

2.  Receiving Stolen Goods—Punishment.—Where one knowingly receives stolen goods, his punishment, under section 1199, Kentucky Statutes, is fixed at the same penalty as that of the thief.

3.  Receiving Stolen Goods—Instructions.—One charged with knowingly receiving goods which were stolen from a railroad company in the course of transportation, is not entitled to have an instruction on petit larceny.

CHARLES H. MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and B. S. GRANNIS, Commonwealth's Attorney, for appellant.

W. A. BYRON and M. HARGETT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Certifying the law.

Johnson was indicted in the Bracken circuit court, under sections 1201b and 1199, Kentucky Statutes, for the crime of knowingly receiving stolen goods, and on a trial before a jury was found not guilty. The Commonwealth prosecutes this appeal for a certification of the law. The facts as presented by the Commonwealth show that three boys at Augusta climbed on a railroad gon then in the possession of a common carrier, and being transported for delivery to a given consignee, and unloaded twenty-five or thirty bushels of coal for the purpose of appropriating the same and depriving the owner of his property therein. Johnson was present and after seeing the boys do this, bought the coal from them, and himself proceeded to sell it at a reduced price to other parties. His defense was an alibi. The Commonwealth complains that the court, in instructing the jury, erred to its prejudice in directing the jury, in case it found Johnson guilty, to fix his punishment at confinement in the county jail, as provided in cases of petit larceny, instead of fixing the punishment as provided by section 1201b, which reads, "Any person who shall . . . appropriate to his own use, or to the use of another, any property in the *possession of a common carrier for transportation or delivery,* shall be guilty of a felony; and shall be punished by confinement in the penitentiary for not less than one nor more than five years." It is admitted that the coal stolen from the railroad gon did not exceed five or six dollars in value, but under section 1199, Kentucky Statutes, the Commonwealth contends that the punishment for stealing goods in course of trans-

portation from a common carrier, being a felony, the person who wilfully and knowingly receives such goods, even though of less value than twenty dollars, is guilty of a *felony*. Section 1199 relied upon reads: "Whosoever shall receive any stolen goods, chattels, or other thing, the stealing whereof is punished as a felony or misdemeanor, knowing the same to be stolen, shall be liable to the same punishment to which the person stealing the same is, by law, subjected." There can be no doubt whatever that under section 1201b, Kentucky Statutes, one who steals coal from railroad gons in course of transportation is guilty of a felony without respect to the value of the coal taken. And this precise question was presented and determined in the case of the Commonwealth against Broaddus, 144 Ky. 225, where the court said: "He (Broaddus) was charged with unlawfully and willfully appropriating to his own use a lot of coal of value which was at the time in the possession of the railroad company, for purpose of transportation and delivery to another. This statute does not reach persons who take coal from the railroad company which it does not hold for transportation to another, but does reach persons guilty of the offense charged in the indictment herein." And in the course of the opinion it is said that section 1201b does not require that the property be contained in boxes, barrels or other packages. It cannot be contended, therefore, that the receiver of goods which were stolen in transportation from a railroad company even though of less value than twenty dollars is entitled to receive only the punishment prescribed for petit larceny. In the case of Williams v. Commonwealth, 152 Ky. 610, where three men were charged with stealing a box of whiskey in the course of transportation from a railroad company which was of less value than twenty dollars, this court said: "Appellant's further contention that there should have been an instruction as to petit larceny can not be sustained. It is sufficient under the statute that the property feloniously taken from the common carrier and appropriated be of any value, the extent or amount of such value being wholly immaterial."

Under the facts in this case the court should have instructed the jury in the event it found defendant guilty, to fix his punishment at confinement in the penitentiary according to section 1201b, and the law is so certified.