## Clay v. Commonwealth.

(Decided February 11, 1927.)

### Appeal from Clark Circuit Court

1. Larceny—Indictment for Appropriating Property in Possession of Carrier "for Transportation" Held Defective for Failure to Show that Property Did Not Belong to Carrier (Ky. Stats., Section 1201b).—Indictment under Ky. Stats., section 1201b, charging that defendant unlawfully and feloniously appropriated "to his own use property in the possession of a common carrier for transportation," held fatally defective for failure to allege or show that the property appropriated belonged to a consignee and not to the railroad.

2. Indictment and Information—Indictment in Language of Statute is Generally Sufficient, Unless Statute Fails to State Every Essential Element of Offense.—Indictment for a statutory offense, following the language of the statute, is generally sufficient, except where statute does not state every fact necessary to constitute the offense.

3. Larceny—To Constitute Offense of Appropriating Property, in Possession of Carrier for Transportation Under Statute, Property Appropriated Must Belong to Consignee, Not Railroad (Ky. Stats., Section 1201b).—To constitute an offense of appropriating property in possession of railroad for transportation under Ky. Stats., section 1201b, property appropriated must belong to consignee other than railroad; otherwise the taking would constitute larceny only.

J. SMITH HAYS and HARVEY T. LISLE for appellant.

FRANK. E. DAUGHERTY, Attorney General, and JOHN P, CUSICK for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant was indicted in the Clark circuit court charged with the offense denounced by section 1201b, Kentucky Statutes, and upon his trial was found guilty and his punishment fixed at confinement in the penitentiary for one year.

The only ground relied on for reversal is the failure of the trial court to sustain a demurrer to the indictment. The accusatory part of the indictment is as follows:

> "The commonwealth of Kentucky accuses Henry Clay of the crime of unlawfully and feloniously appropriating to his own use property in the possession of a common carrier for transportation."

In the descriptive part of the indictment he is charged with appropriating "to his own use property, namely, a lot of coal in the possession of the Louisville & Nashville Railroad Company, a common carrier, for transportation."

An indictment for an offense created by statute is generally held to be sufficient if it follows the language of the statute, but this is not true if the statute does not state every fact necessary to constitute the offense. To constitute an offense under section 1201b, Kentucky Statutes, the property appropriated must belong to a consignee other than the railroad company. If the property belongs to the railroad company its theft would constitute larceny only. In Commonwealth v. Broaddus, 144 Ky. 225, 137 S. W. 1059, the defendant was indicted charged with appropriating to his own use "a lot of coal of value, which at the time was in the possession of the Louisville & Nashville Railroad Company, for the purpose of transportation and delivery to another." The indictment was held sufficient as it alleged the coal was in the possession of the railroad company for the purpose of transportation and delivery to another, but in the course of the opinion it was said: "This statute does not reach persons who take coal from the railroad company which it does not hold for transportation to another." The Broaddus case was cited with approval in Commonwealth v. Johnson, 181 Ky. 643, 205 S. W. 689.

In Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71, the defendant was charged with the violation of sec-

tion 1201c, Kentucky Statutes, and the indictment followed the language of the statute but contained no averment that the taking and carrying away of the fowls was without the consent or against the will of the owner. The court said: "In an indictment for a statutory offense, if by following the language of the statute, every fact necessary to constitute the offense is charged, or necessarily implied from the language used, the indictment will be sufficient, but, if by following the language of the statute the above stated aim is not attained, the indictment is not sufficient."

An indictment similar to the one in the Hudspeth case was held insufficient on demurrer in Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8

In Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043, the indictment was returned under section 1221 of Kentucky Statutes. The indictment was drawn in the language of the statute and, in discussing its sufficiency on demurrer, the court said: "The commonwealth takes the position that the indictment is sufficient because the offense is a statutory one and the indictment follows the language of the statute. It is true that an indictment for such an offense in the language of the statute is generally held to be sufficient. . . . But an indictment in the words of the statute is not always sufficient. Whether sufficient or not depends upon the manner of stating the offense in the statute. If every fact necessary to constitute the offense is charged, or necessarily implied by following the language of the statute, an indictment in the words of the statute is sufficient; otherwise it is not."

In Stringer v. Commonwealth, 192 Ky. 318, 233 S. W. 718, the indictment charged the offense denounced by section 1163, Kentucky Statutes, and in addition contained the following averment: "And stealing property therefrom, the said property so stolen being a lot of Camel cigarettes of value and of greater value than $20.00, and said property and car being the property of and in the possession of the common carrier for transportation and not the property of the defendant." It was claimed the indictment charged two offenses, one under section 1163 and one under section 1201b, Kentucky Statutes, but it was held that the words above quoted were surplusage. The court said: "The surplus averments are not sufficient to constitute a valid indict-

ment under section 1201b, for taking property from a box, barrel or other package in the possession of a common carrier with the intent and purpose of appropriating the same to the use of and for the benefit of the taker.''

It appears that the trial court in the instant case overruled the demurrer to the indictment on the authority of Williams v. Commonwealth, 152 Ky. 610, 153 S. W. 961. In the Williams case the defendant was indicted for appropriating to his own use a case of whiskey which was at the time in the possession of the railroad company, and the indictment averred that the railroad company had possession of the whiskey for the purpose of transportation and delivery from Louisville, Kentucky, to Little Rock, Arkansas. It was held that the name of the consignee and owner of the property need not be stated in the indictment, but the indictment was held sufficient on the theory that it charged the property appropriated was in the possession of the railroad company for transportation and delivery to a consignee at Little Rock, Arkansas. The language of the indictment necessarily implied that the property appropriated was in the possession of the railroad company for transportation and delivery to a consignee other than the railroad company.

The indictment in the instant case neither directly nor by implication alleges that the property appropriated belonged to any person other than the railroad company. As the indictment does not state every fact necessary to constitute the offense, it follows that it is insufficient and the demurrer thereto should have been sustained.

Judgment reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.