## Cohan v. Commonwealth.
(Decided Jan. 14, 1936.)

RAYMOND CONNELL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Jack J. Cohan was convicted in the Bourbon circuit court of the crime of receiving stolen property, and his punishment fixed at five years in the State Reformatory. From a judgment accordingly sentencing him, he appeals. He filed a general demurrer to the indictment, entered a motion for a bill of particulars, and at the conclusion of the evidence of the commonwealth offered a peremptory instruction. He is complaining of the court's rulings thereon, of the admission of incompetent evidence, of the court's instructions to the jury, and further insists that the verdict is "flagrantly and palpably against the law and the evidence."

Section 1199, Kentucky Statutes, under which Cohan was indicted, reads:

"Whoever shall receive stolen goods, chattels or other thing, the stealing whereof is punished as a felony or misdemeanor, knowing the same to be stolen, shall be liable to the same punishment to which the person stealing the same is, by law, subjected. Such offenders may be convicted, though the principal offender has not been convicted. The possession of any stolen goods shall be prima facie evidence of the guilt, under this section, of any person or persons having such possession."

Section 1201b, Kentucky Statutes, under which Thomas Wills, alias "Fast Black," was charged with having stolen, and stealing, the property involved, reads:

"That any person who shall open any box, barrel or other package containing personal property of any kind while in possession of a common carrier for transportation or delivery, for the purpose of appropriating the contents thereof to his own use, or to the use of another, or who shall appropriate to his own use, or to the use of another, any prop-

erty in the possession of a common carrier for transportation or delivery, shall be guilty of a felony, and shall be punished by confinement in the penitentiary for not less than one year nor more than five years.''

The accusatory portion of the indictment is in these words: The grand jury accuses

''Jack J. Cohan, of the crime of unlawfully, willfully and feloniously receiving stolen property of value, the stealing whereof is punished as a felony, knowing the same to have been stolen.''

The description portion of it is in this language:

''Jack J. Cohan * * * did unlawfully, willfully and feloniously receive from one Thomas Wills, alias 'Fast Black' certain clothes of the value of more than Twenty Dollars, the personal property of another, which lately before had been unlawfully and feloniously taken, stolen and carried away by the said Thomas Wills, alias 'Fast Black' from the Louisville and Nashville Railroad Company, a corporation, with the fraudulent intent, then and there to convert same to his own use and to deprive the owner of its property therein; the said Cohan then and there well knowing that said property, the stealing whereof was punished as a felony, had been unlawfully and feloniously stolen by the said Wills, etc.''

It will be observed that this statement is insufficient to constitute, as to Wills, either the crime of grand larceny, or that denounced by section 1201b. The failure to charge in the indictment that the property was taken against the will or without the consent of the owner renders it fatally defective as to the crime of grand larceny. Page v. Commonwealth, 235 Ky. 657, 32 S. W. (2d) 17; Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. (2d) 315; Lanham v. Commonwealth, 250 Ky. 500, 63 S. W. (2d) 585.

Generally, an indictment for a statutory offense in the language of the statutes is sufficient; but where the statute does not state every fact necessary to constitute the crime, an indictment in its language is insufficient To constitute the crime denounced by section 1201b, it is essential to a valid indictment that it allege that the property appropriated belonged to a consignee other

than to a railroad. Clay v. Commonwealth, 218 Ky. 233, 291 S. W. 45. It is not imperative that the indictment thereunder name "the consignee or the owner of the property." It is essential, however, that the indictment charge in appropriate language that the property which was feloniously taken was "in the possession of a common carrier for transportation or delivery." Williams v. Commonwealth, 152 Ky. 610, 153 S. W. 961; 962; Commonwealth v. Broaddus, 144 Ky. 225, 137 S. W. 1059.

The receiving of goods worth less than $20 may be a felony if the goods were stolen from a carrier in course of transportation. Commonwealth v. Johnson,

The indictment only charges Wills with taking property which lately before had been carried away from the Louisville & Nashville Railroad Company. Since it does not charge the same was taken without the consent, or against the will, of the owner, or while in the possession of the railroad company, for transportation or delivery to a consignee, it charges a mere misdemeanor. The court's instructions carry the same defects.

To sustain a conviction of Cohan it was indispensably necessary for the commonwealth to allege in the indictment and to prove beyond a reasonable doubt the essential facts showing Wills' guilt of the crime of either grand larceny or of a felony under section 1201b and Cohan's guilt under section 1199.

It is apparent that it is our view that the ruling of the court on the demurrer to the indictment and its ruling on Cohan's objection to the instructions were improper and prejudicial, entitling Cohan to a reversal.

Employees of the railroad company testified that they checked the merchandise at Newport, Ky., and that it was in the possession of the railroad company in the course of transportation at Newport, Ky., to Lexington, Ky., via Paris, Ky. Other employees checked the merchandise in its possession on the arrival of the car at Lexington and the stolen merchandise was not present. Cohan objected to this line of testimony on the theory that those employees checking the merchandise in the car at Newport, Ky., and at Lexington, Ky., used the records of the railroad company, not prepared by the witness. It is argued that such record was admitted by

the witnesses to have been made by another employee of the railroad company out of the presence of the witness, and therefore it was improper to permit the witness to narrate his acts in checking the merchandise with the use of such records. The competent, material fact to which the witness testified was the presence of the merchandise at Newport, Ky., in the possession of the railroad company in the course of transportation and its absence upon the arrival of the car at Lexington, Ky.

It should be admitted that it was entirely immaterial whether such witnesses used the record made by another employee of the railroad company when testifying to the presence and the absence of the merchandise at these points in the course of transportation, and therefore no error prejudicial to Cohan's substantial rights was committed by the court in overruling his objection to the witness' use of such record to refresh his recollection.

Without reproducing the evidence, it is sufficient to say that it abundantly authorized the submission of the issues to the jury. As to Cohan's right to a bill of particulars, this question may not arise, on the return of another indictment; therefore, we do not consider it.

Wherefore, for the reasons indicated, the judgment is reversed, with directions to award Cohan a new trial consistent with this opinion.