## COMMONWEALTH v. ROBT. GREEN.

**Receiving Stolen Goods—Indictment—Felonious Intent.**

An indictment for receiving stolen goods should allege that the goods were received with felonious intent.

APPEAL FROM FLEMING CIRCUIT COURT.

June 6, 1874.

OPINION BY JUDGE PRYOR:

The statute provides that whoever shall receive stolen goods, the stealing whereof is punished as a felony or misdemeanor, knowing

the same to be stolen, shall be confined in the penitentiary not less than one nor more than six years; such offenders may be convicted though the principal offender has not been convicted. 1 Rev. Stat. 390. It is alleged in the indictment that the goods were stolen from the storehouse of Jos. Wallingford, in Mason County, by some person or persons unknown to the grand jury. The goods are also minutely described and their value stated. It is further alleged that the accused received the goods, knowing them to have been stolen. A demurrer was sustained to the indictment, from which the commonwealth has appealed. The indictment follows the language of the statute; still, something else must be alleged and proven in order to constitute crime. It was not intended by the Legislature that the mere acception of stolen goods, knowing them to have been stolen, should constitute a felony. The goods must be received with a felonious intent, either for the purpose of appropriating them to the use of the one in possession, or of secreting them for the party committing the larceny. There is no allegation in the indictment that the party, in receiving the stolen goods, intended to commit a felony. He might have received them for the purpose of securing the property for the real owner. The goods might have been delivered to the accused by one who had captured them from the thief; and whilst the possession of stolen goods, unexplained, would be sufficient to convict, still the jury must be told not only that the party obtained the possession knowing that they had been stolen, but that he obtained them with a felonious intent, that is, to deprive the real owner of his property. 2 Archbold 655. In the case of Commonwealth v. Stout, 7 B. Monroe 247, the accused was indicted, in the language of the act, for attempting to remove from the state a woman of color during the pendency of an action for her freedom. The court held the indictment bad on demurrer, as there was no allegation that the accused knew of the pendency of the suit when he attempted to remove Nancy from the state. Facts necessary to constitute an offense must be charged, and the indictment failing to do this, the demurrer was properly sustained.

——, *for appellant.*

——, *for appellee.*