## Evitts v. Commonwealth.

(Decided Feb. 1, 1935.)

HUBERT MEREDITH and W. O. SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Muhlenberg circuit court, under which appellant was sentenced to serve one year in the penitentiary for the crime of knowingly receiving stolen property under section 1199 of the Kentucky Statutes.

The indictment charged appellant with having received a quantity of cigarettes of a value in excess of $20 from one Joe Lane. It further charged that the cigarettes in question had been stolen from a railroad car of the Illinois Central Railroad Company, which was a common carrier. No definite time was charged as to the commission of the offense, except that it was "within one year before the finding of this indictment, to wit: on the —— day of ———— A. D., 193—." See Sergent v. Commonwealth, 257 Ky. 567, 78 S. W. (2d) 795, decided this day.

The evidence indicates that the railroad car was broken into about the 12th of December, 1933. It indicates that Joe Lane, the confessed thief, made an agreement with the appellant to sell him these cigarettes a day or two after their theft, and that a portion of the cigarettes was actually delivered to the appellant at Morgan Mines, in Muhlenberg county, very shortly thereafter. The proof also indicates that the remainder of the cigarettes stolen was delivered about ten or eleven days later to the appellant at his store in Central City.

At some time after the cigarettes were stolen, the chief of police of Central City went to Evitts' store, in company with another officer, in connection with their investigation of the case. The chief testified that he asked appellant to help him "get a line" on the thief if the cigarettes were offered to him. The testimony rather indicates that appellant had already agreed to buy the cigarettes and had a part of them in his possession at the time of his talk with the chief of police. However, appellant says that his agreement with Joe

Lane, the thief, was made after and pursuant to his conversation with the chief of police.

We are inclined to the view that appellant is right in his contention that the evidence in this case shows not one but two separate offenses. Like most rules of law, the question reduces itself to a matter of degree, and must rest ultimately in the discretion of the court. Had the two deliveries of cigarettes been separated by only a short interval, and had the proof indicated that the whole matter was one continuous transaction, we think that they might properly be considered as one offense. Here, however, the deliveries were made at widely separated points, at least ten days apart, and it was not shown that they were part of one transaction. We are of the opinion, on the evidence adduced, that two offenses were committed.

It was clearly to the advantage of appellant that the two prosecutions were tried under the same indictment, and we would not feel justified in interfering with the lower court's discretion on this point except for the fact that the judgment must be reversed on other grounds.

Appellant's complaint that the jury was permitted to aggregate the value of the two deliveries so as to bring the total value above $20, and thus make the offense a felony, when otherwise it would be a misdemeanor, overlooks the fact that the offense was here a felony exclusive of any question of the value of the goods received. Under section 1201b of the Statutes, stealing property in the possession of a common carrier is made a felony without regard to the value of the goods taken. Commonwealth v. Johnson, 181 Ky. 643, 205 S. W. 689. It follows that the lower court was right, under the proof in this case, in refusing a misdemeanor instruction. Section 1199 of the Statutes provides that the person receiving stolen goods "shall be liable to the same punishment to which the person stealing the same is, by law, subjected."

We are not impressed by appellant's claim that incompetent evidence was admitted.

But one question remains: Did the instructions given to the jury fairly present appellant's theory of the case? We think they did not.

Appellant's only serious defense rested on his claim that he had received the stolen goods at the request of the chief of police in an effort to apprehend the thief. He admitted the receipt of the goods, but denied the felonious intent. The intent was an essential element of the crime. Commonwealth v. Green, 7 Ky. Op. 716.

We have held repeatedly that, where an accused admits the offense, or essential elements of the offense, but relies upon facts or circumstances amounting to an avoidance of the crime, he is entitled to a concrete instruction upon his theory of the case, and a mere general instruction is not sufficient. Morgan v. Commonwealth, 242 Ky. 116, 45 S. W. (2d) 850; Gibson v. Commonwealth, 204 Ky. 748,, 265 S. W. 339.

We are of the opinion that the failure of the court to give a concrete instruction on the defendant's theory of this case was sufficiently prejudicial to require reversal.

Judgment reversed.