**Jesse Willoughby WARD et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1966.

Herbert D. Liebman, Frankfort, for appellant.

William L. Brooks, Frankfort, Robert Matthews, Atty. Gen., Charles Runyan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Jesse Willoughby Ward and Dean Merriman appeal from a judgment entered on a jury verdict finding them guilty of knowingly receiving stolen property worth $100 or more and sentencing Ward to three

years and Merriman to one year in prison. KRS 433.290, 433.220.

They contend that (1) the indictment was defective, (2) improper evidence was admitted and proper evidence excluded, (3) the value of the stolen property was not proved, and (4) a special instruction on their theory of defense should have been given.

The crime is alleged to have been committed in Franklin County on or about September 6, 1964. The record does not show the date the indictment was returned, but it was at some time on or before November 7, 1964, because on that day the appellants appeared in the circuit court with counsel, waived arraignment, pleaded not guilty, were admitted to bail, and moved for a trial date. After one continuance the trial was set for January 28, 1965. Two days before the trial the appellants moved to dismiss the indictment because it erroneously cited KRS 433.190 rather than KRS 433.290 as the statute alleged to have been violated, and because it did not describe the property in question or name the person or persons from whom the appellants received it. The trial court caused the indictment to be amended by substitution of the correct statute number and insertion of "to-wit, two shotguns" after the word "property," and the motion was overruled.

RCr 6.10 specifically provides that an error in citation of the applicable statute shall not be ground for dismissal of the indictment if it does not mislead the defendant to his prejudice. There is no suggestion that the appellants in this case were misled.

RCr 6.16 permits amendment of the indictment if no new or different offense is charged and if the defendant's substantial rights are not prejudiced. See Brown v. Commonwealth, Ky., 378 S.W.2d 608 (1964). This was a clear case of permissive amendment, even if the indictment had been defective without it. Had these appellants been genuinely in doubt as to what property they were charged with having received, their appropriate remedy would have lain in an effort to have it stipulated or, failing that, to move for a bill of particulars supported by affidavit showing a good faith reason for requesting the information. Cf. RCr 6.22. Actually, they knew very well the two shotguns were the subject of this prosecution, since they had been caught red-handed with them in their possession.

It developed during the course of the trial that although the indictment alleged the property to have been stolen from Kenneth Chism, in fact the shotguns had been stolen from Kenneth's father, Raymond Chism. However, even under the technical criteria in force prior to adoption of the Rules of Criminal Procedure it was not necessary for the name of the owner of the stolen goods to be stated in the indictment, and if he was so named a variance was immaterial unless the property was not identified. Roberson's New Kentucky Criminal Law and Procedure, § 882, p. 1102. The object of the indictment in this respect is to give the defendant the information fairly and reasonably necessary to enable him to defend himself without being subjected to surprise or trickery. Whether the guns belonged to Kenneth or Raymond Chism was of no significance. As remarked in Decker v. Commonwealth, 303 Ky. 511, 198 S.W.2d 212, 214 (1946), they might as well have belonged to the Church of England. The appellants knew what guns they were, and the only real question in the case was their state or states of mind at the time they received them.

On the day after the two shotguns were stolen a warrant issued to search the residence of the appellant Ward on Mero Street in Frankfort. It was placed in the hands of two police officers, Duvall and West, for execution. Duvall went to the front of the house, where he was met by Ward. After a preliminary conversation Ward voluntarily permitted Duvall to en-

ter for the purpose of making the search. Meanwhile, West approached the back door of the house, where he bumped into Merriman emerging with the shotguns partially wrapped in a bedsheet and blanket. The officers did not make an arrest at once, as Ward claimed the guns belonged to him. With his permission they took the guns to police headquarters for identification, after which a warrant was issued on West's affidavit for the arrest of Ward and Merriman. The arrest was made by West, Duvall, and their superior officer, Captain Rucker.

This brings us to the second point of argument. For some reason not readily apparent, on direct examination by the Commonwealth West was asked to and did introduce the warrant on which he had arrested the appellants, after which the interrogation proceeded as follows:

Q. "Tell the jury upon what information you based the taking of this warrant."

A. "We had information that this property was in a residence of Mero Street and—"

By counsel for defendants: "I object unless he states the information on which he based the—"

Counsel for the Commonwealth (interposing): "Your Honor, he stated that he had information the property was on Mero Street."

"OBJECTION OVERRULED; EXCEPTION."

█ It will be noted that this exchange related to the arrest warrant, not the search warrant, but from appellants' brief it is evident that the point they wished to make had to do with the search warrant. In any event, there was nothing to prevent counsel's pursuing the matter on cross-examination, which in fact he did, without objection. Not only was there no error in the foregoing ruling; it is utterly impossible that any prejudice could have result-

ed from it, and none is suggested in appellants' brief. Nor does the record disclose that any evidence offered by the appellants was excluded.

█ The next argument is that the value of the stolen property was not proved in that the expert valuation witness's opinion that the guns were worth $70 and $60, respectively, was based on the assumption that they were "in good working condition," though he had not examined them and did not know whether they actually were in that condition. Assuming arguendo that the proof on direct examination was insufficient to warrant a conviction based on their being worth $100 or more, the deficiency was made up on cross-examination, as follows:

· Q. "If these two guns were presented to you as they are now can you tell us what you would be willing to pay for them?"

A. "I would say I would give $55 for this one and $45 for that one."

Q. "$55 for this one and $45 for the other one?"

A. "That is right."

The last contention presents the only really serious question in the case, whether appellants were entitled to a specific instruction on their theory of defense. That theory, supported by their testimony, was that Ward had been cooperating with the police authorities in keeping a lookout for and recovering stolen property in and around Frankfort, and bought the two shotguns with the intention of having them checked by the sheriff before otherwise disposing of them.

The subject of when a special instruction should be given on a theory of defense has given this court much difficulty. It has been discussed ably and in depth in several opinions, notably Reynolds v. Commonwealth, Ky., 257 S.W.2d 514 (1953), and Blevins v. Commonwealth, Ky., 258 S. W.2d 501 (1953). However, Evitts v. Com-

monwealth, 257 Ky. 586, 78 S.W.2d 798 (1935), in which a specific instruction was held to be necessary, is so similar on the facts that it is decisive of this case.

 The jury was instructed to find appellants guilty if they "willfully, unlawfully and feloniously" received the two shotguns knowing they had been stolen. The word "feloniously" was defined as proceeding from an evil heart or purpose, and this definition provided the only avenue through which the jury could have found appellants not guilty on the basis of their story that Ward had purchased the guns with the intention of communicating with the sheriff before disposing of them. This, in our opinion, was not clear enough to constitute a fair presentation of the appellants' theory of defense. Evitts v. Commonwealth, supra. Upon another trial a specific instruction should be given, and the definition of "feloniously" should be amplified to include the additional words, "done with deliberate intention of committing a crime." Cf. McVey v. Commonwealth, Ky., 272 S.W.2d 33, 35 (1954).

The cause is reversed for a new trial.