Gerald R. LOTHER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1967.

Paul C. Hobbs, Ashland, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, William B. Arthur, Ashland, for appellee.

DAVIS, Commissioner.

Gerald R. Lother appeals from a judgment imposing penalty of one year's imprisonment upon him pursuant to a jury's finding him guilty of knowingly receiving stolen property. KRS 433.290. He asserts that a directed verdict of acquittal should have been given, and that if not, then the instructions were inadequate to present his theory of the case.

On February 13, 1966, appellant bought ten new shotguns from two men he had never seen before, and paid them $130 for the weapons. The transaction occurred after dark, on Sunday, at appellant's used-car lot in Ashland. At the time appellant acquired the guns they were not wrapped.

The next day, according to appellant, he observed a news account of a robbery which had occurred in nearby Ironton, Ohio; the article recounted that guns had been taken in that crime. Appellant became apprehensive, carefully wrapped the guns in individual protective wrappers, and buried them on his used-car lot. He took the precaution of burying these firearms within an area covered by a junked tractor-cab.

On February 21, 1966, the Ashland police department received information warranting belief that appellant had purchased the guns. A search warrant was obtained, and its legality is in no wise challenged. Officers went to appellant's lot and explained the purpose of their mission. An officer stated that appellant admitted having bought some guns, but insisted that he did not have them. After a futile search of the premises had brought to light a few old guns, appellant told the officer that he knew where the sought weapons were, and if given three or four hours he could recover them. After some further conversation between the officer and appellant the latter led the officer to the buried guns.

The recovered guns were positively identified by their owner as having been stolen from his place of business in Ironton. They had cost value of more than $500 and retail value in excess of $700.

KRS 433.290 provides in part:

"The possession by any person of any stolen property shall be prima facie evidence of his guilt under this section."

It is undisputed that appellant possessed the stolen guns. He testified that

he had no knowledge of their having been stolen, and the jury had a legal right to believe him—but it did not believe him. In the circumstances of this case it would have been surprising if the jury had "swallowed" appellant's story. It is patent that the explanation offered by appellant was not so overwhelming in probative effect as to require a directed verdict of acquittal. See Fields v. Commonwealth, Ky., 368 S.W.2d 324; Dawes v. Commonwealth, Ky., 349 S.W.2d 191; Martin v. Commonwealth, Ky., 276 S.W.2d 19. These cases, among many others, reflect the court's view that a conviction may be had in this type prosecution despite the defendant's disclaimer of guilty knowledge, if the circumstances attendant upon the acquisition of the stolen property sufficiently tend to refute the defendant's bare disclaimer of knowledge. We have no hesitancy in holding that the circumstances at bar abundantly warranted the verdict.

▮ As respects the alleged failure to instruct upon appellant's theory of the case, it is contended that the jury should have been affirmatively instructed to acquit appellant if it believed he did not know the guns were stolen. This point has been considered by the court often, and as recently as Ward v. Commonwealth, Ky., 399 S.W.2d 463. In Ward we held that an affirmative instruction on the defendant's theory should have been given in a prosecution for knowingly receiving stolen property. The reason for that ruling there is not present here. In Ward the defendant contended that he had knowingly received stolen goods in order to comply with his earlier arrangement with the police and assist in apprehending thieves. Obviously the usual instruction requiring the jury's belief beyond a reasonable doubt that the defendant had knowingly received stolen property did not serve to present defendant's theory. In the case at bar no such special theory of defense was presented. The Ward decision was posited upon Evitts v. Commonwealth, 257 Ky. 586, 78 S.W.2d 798, the sole authority relied upon here by appellant. Evitts, too, was an instance in which the defendant claimed he had received the stolen goods at the instance of the police and in effort to aid law enforcement. In Shaw v. Commonwealth, 229 Ky. 412, 17 S.W.2d 267, it was expressly held that in the usual prosecution for knowingly receiving stolen property it is unnecessary to give an affirmative instruction authorizing acquittal if the jury finds that the defendant was without guilty knowledge. That principle is applicable here, and the court properly instructed the jury.

The judgment is affirmed.

All concur.