Michael Allen **KUHL**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 2, 1973.

Stephen T. McMurtry, Covington, for appellant.

Ed Hancock, Atty. Gen., J. T. Frankenberger, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

This is an appeal from a judgment of the Campbell Circuit Court convicting appellant of the offense of possession of a dangerous drug for the purpose of sale under KRS 217.713(1)(b). Pursuant to the conviction, appellant was sentenced to three years' imprisonment and a fine of $1000.

Appellant's first contention of error is that the evidence of the crime (hashish) was seized as the result of an illegal search and, therefore, improperly used as evidence against him. The facts surrounding the seizure of the hashish are as follows: On or about October 30, 1971, Officer John Hill and Officer Kenneth Riffe arrested appellant in the rest room of Frisch's restaurant in Newport, Kentucky. It appears from the testimony that on the previous day, October 29, Officer Hill received information from an informer that appellant would make a sale of marijuana on the following day at Frisch's restaurant. Pursuant to this information, Officer Hill, along with Officer Riffe, staked himself out at the restaurant for the purpose of observing appellant's activities. They testified that they did observe appellant enter the restaurant, sit down at a table and talk with a woman for a short period of time; that he got up, went into the kitchen, stayed for a short period of time and returned to the table where he picked up a kitchen knife and went outside the restaurant. There he spoke to an officer on duty and entered the rest room. After entering the rest room, he closed a ventilator whereupon the officers opened the rest room door, with their weapons drawn. Officer Hill commanded appellant to "freeze" whereupon appellant dropped a vial which contained approximately seven grams of hashish. It is the testimony of the officers that at this point they confiscated the kitchen knife and the vial of hashish and placed the appellant under arrest.

It is appellant's contention that when the officers said "freeze" he was, at that point, under arrest and that but for the arrest he would not have dropped the vial of hashish. He contends that there was no probable cause for the arrest at this point, therefore, the hashish was obtained as the result of an illegal search.

We do not believe that it is necessary that we answer the question of at what exact moment the arrest took place. The trial court heard the testimony and admitted the hashish into evidence. We cannot say, as a matter of law, that this was improper. We do not believe the facts clearly establish that there was any search at all, much less an illegal one. The hashish was properly introduced in evidence unless it was obtained as the result of an illegal search. We are inclined to believe it falls under the category of evidence discovered by officers when in the course of an investigation it becomes plainly visible. This is referred to as the "plain-view" doctrine. Generally speaking, any evidence that the officers come across in the course of an investigation or arrest which they

detect without making a physical search of the subject or his surroundings is admissible under this doctrine. For a statement of the doctrine see Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564, where the Supreme Court recognizes the doctrine in the following language:

"An example of the applicability of the 'plain view' doctrine is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character. *Cf.* Go-Bart Importing Co. v. United States, 282 U.S. 344, 358, 51 S.Ct. 153, 158, 75 L.Ed. 374; United States v. Lefkowitz, 285 U.S. 452, 465, 52 S.Ct. 420, 423, 76 L.Ed. 877; Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757; Stanley v. Georgia, 394 U.S. 557, 571, 89 S.Ct. 1243, 1251, 22 L. Ed.2d 542 (Stewart, J., concurring in result). Where the initial intrusion that brings the police within plain view of such an article is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate. Thus the police may inadvertently come across evidence while in 'hot pursuit' of a fleeing suspect. Warden v. Hayden, [387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782] supra; cf. Hester v. United States, 265 U. S. 57, 44 S.Ct. 445, 68 L.Ed. 898. And an object that comes into view during a search incident to arrest that is appropriately limited in scope under existing law may be seized without a warrant. Chimel v. California, 395 U.S. 752 at 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685. Finally, the 'plain view' doctrine has been applied where a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684; Ker v. California, 374

U.S. 23 at 43, 83 S.Ct. 1623, 10 L.Ed.2d 726. Cf. Lewis v. United States, 385 U. S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312.

"What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, *hot pursuit,* search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure." (Emphasis added).

We are of the opinion that the trial court committed no error in permitting the hashish to be introduced into evidence.

■ Appellant strongly contends the trial court committed prejudicial error when it excluded proffered testimony to the effect that the smoking of hashish or marijuana is not harmful to one's health. This was offered in the form of opinion testimony by a witness who claimed to be an expert in the field. It is the contention of appellant that the court should have permitted the jury to hear this testimony as being relevant to the scope of punishment. RCr 9.84 provides that the jury shall fix the punishment. It is contended that in order to assist the jury in fixing a proper penalty the defendant has the right to introduce evidence during the trial concerning any matter that in any way might mitigate the punishment. It is further contended by appellant that RCr 11.02 permits the court to hear evidence in mitigation of punishment upon a plea of guilty when the sentence is being fixed by the court itself, therefore, it is unreasonable not to permit the jury to hear such evidence when it is required under the law to fix the punishment. In support of his contention, appellant cites Hemmeline v. State, 165 Tex.Cr. R. 583, 310 S.W.2d 97 (1958); Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869;

Alvarez v. State, 159 Tex.Cr.R. 384, 264 S.W.2d 110 and State v. Brown, 60 Wyo. 379, 151 P.2d 950 (1944). Examination of these cases will disclose that the State of Texas has been somewhat more liberal in the range of testimony that it has permitted in mitigation of punishment than have most other jurisdictions.

We see no purpose to be served by launching into a wide discussion of the law upon this subject. It appears to us that the answer lies in the fact that the proffered testimony was not of the nature that traditionally and historically has been admitted by courts in mitigation of punishment. The testimony had no relevancy to whether the law should punish this particular defendant either moderately or severely for his acts. It was not calculated to show that this defendant was either more or less culpable than any other defendant but was, it seems to us, calculated to show that the legislature was mistaken when it determined the severity of the crime. We do not believe that this has ever been a proper area for judicial exploration either in this jurisdiction or in any other. We are, therefore, of the opinion that the trial court properly excluded the testimony because it was not relevant to any issue being tried, including the degree of punishment. Nor do we believe that this constituted denial of the defendant's rights under the 5th, 6th and 14th amendments to the Constitution of the United States, or that it denied him equal protection or due process of law.

Appellant also complains of the argument of the Commonwealth's Attorney in the summation of the case to the jury. We find the argument to be within the bounds previously approved by this court.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.