Lance KOHLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 23, 1973.

Richard J. Getty, Paris, for appellant.

Ed W. Hancock, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, George Barker, Commonwealth's Atty., Lexington, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of unlawful sale of heroin, a narcotic drug, and sentenced to confinement for a period of not more than twenty years and was fined $20,000.00.

The defendant admitted he procured two ounces of heroin from Ollie Craycraft and offered it for sale to Harold Brown, for the sum of $8,000.00. He claimed, however, that all of his activities in the procurement of the drug and the attempted sale thereof were prompted solely by his desire to aid and assist the police in their efforts to obtain information concerning illicit-drug traffic.

Approximately ten months before his arrest on this charge the appellant was confined in jail in Fayette County, Kentucky, on a charge of assault and battery. While in jail he was contacted by another prisoner who claimed to have six ounces of heroin and also claimed to be raising a half-acre of marijuana. This prisoner solicited appellant's help, upon release from jail, in the sale of the heroin and the harvest and sale of the marijuana.

When appellant was discharged from custody he informed police officers of his conversations with his fellow-prisoner. Officer Thornton advised him to try to keep in touch with the prisoner and to attempt a "buy" of the narcotics. Officer Thornton also advised appellant to keep him informed of appellant's activities in that regard.

Appellant testified that he made a good faith effort during the ten-month period following his release from jail to locate and purchase drugs; that his efforts were of no avail until the transaction which resulted in his arrest; that he periodically advised officer Thornton of his activities and attempted to get in touch with officer Thornton on the day he was arrested to inform him of the pending sale but was unable to do so. Officer Thornton denied that appellant contacted him at any time after their initial meeting.

The attempted sale being admitted, the whole case boils down to a question of appellant's motive and intent. His only real defense was that he acted in good faith with the intent only to be of assistance to law enforcement officers. He requested the court to affirmatively instruct the jury in a manner which fairly presented his theory of defense. The request for an affirmative instruction was denied.

The jury was instructed as follows:

"If the jury shall believe from the evidence in this case to the exclusion of a reasonable doubt that in Fayette County, Kentucky, on or about the 4th day of June, 1971, the defendant, Lance Kohler, unlawfully and feloniously sold a narcotic drug, to-wit, heroin, to Harold Brown, you shall find him guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than five years nor more than twenty years, and by a fine of not more than $20,000.00, in your discretion.

The word 'feloniously' as used in this instruction means done with an intent to commit a crime or wrong.

'Sale' includes barter, exchange or gift, or offer thereof, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee."

By references to that portion of the instruction wherein the word feloniously was defined as an act done with an intent to commit a crime or wrong, the jurors, if they had believed appellant's testimony, could have determined that his act was not felonious and thus could have acquitted

him. But at best, the appellant's theory of defense was presented by these instructions in an oblique rather than an affirmative fashion.

The question of whether a defendant is entitled to an affirmative instruction embodying his theory of the case has been a troublesome one. We have held that where a tendered affirmative instruction does nothing more than give the converse of the facts which the jury must find in order to convict the defendant it is not prejudicial error for a trial court not to give the requested instruction. Owens v. Commonwealth, Ky., 487 S.W.2d 897 (1972).

■ We have consistently recognized, however, that when a defendant confesses the doing of the act of which he stands accused but asserts a legal excuse or justification exonerating him from criminal intent the court should submit his theory of defense in concrete form. Cooley v. Commonwealth, Ky., 459 S.W.2d 89 (1970).

■ The instant case in which appellant seeks to avoid criminal liability upon the ground that the act with which he is charged was done to assist law enforcement officers is precisely the type of case in which an affirmative instruction is necessary.

In Evitts v. Commonwealth, 257 Ky. 586, 78 S.W.2d 798 (1935), we held that one who claimed that he had received stolen goods at the request of the chief of police in an effort to apprehend the thief was entitled to an affirmative instruction on that defense and failure to give it was prejudicial error. This requirement was approved in Ward v. Commonwealth, Ky., 399 S.W.2d 463 (1966), in which we said:

"The jury was instructed to find appellants guilty if they 'willfully, unlawfully and feloniously' received the two shotguns knowing they had been stolen. The word 'feloniously', was defined as proceeding from an evil heart or purpose, and this definition provided the only avenue through which the jury could have found appellants not guilty on the basis of their story that Ward had purchased the guns with the intention of communicating with the sheriff before disposing of them. This, in our opinion, was not clear enough to constitute a fair presentation of the appellants' theory of defense. Evitts v. Commonwealth, supra. Upon another trial a specific instruction should be given, and the definition of 'feloniously' should be amplified to include the additional words, 'done with deliberate intention of committing a crime.' Cf. McVey v. Commonwealth, Ky., 272 S.W.2d 33, 35 (1954)."

Under the requirement of *Evitts* and *Ward* we hold the denial of the requested instruction was prejudicial error.

■ Appellant also complains of failure of the trial judge to disqualify himself upon the filing of affidavits alleging bias. The motion to disqualify was overruled on the ground that the filing was not timely. We are not persuaded that the ruling of the trial court was erroneous in this respect and we find no merit in the other assignments of error advanced by appellant.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.