**John Lawrence RUDOLPH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 11, 1974.

Nicholas W. Carlin, Staff Atty., Louisville-Jefferson County Public Defender, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Appellant John Lawrence Rudolph was convicted in the Jefferson Circuit Court, on April 25, 1973, on three counts of uttering a forged instrument and was sentenced to be imprisoned for thee years on each count, the sentences to run consecutively.

At trial the appellant testified that he had committed the acts with which he was charged; but he also asserted that he was acting in cooperation with, and at the direction of, Jefferson County Police in attempting to infiltrate a check-forging ring. After the close of all the evidence appellant submitted to the trial court a typed requested charge of instructions positively presenting appellant's theory of the case. The trial court refused the submitted charge, and appellant asserts that such refusal constituted reversible error. We agree.

In *Kohler v. Commonwealth*, Ky., 492 S.W.2d 198(1973), where a defendant was convicted for selling heroin, having admitted the act but claiming that he sold the heroin in order to assist law enforcement

officers, but a police officer testified that there was no arrangement with defendant that he (defendant) would cooperate with police, we stated,

> "We have consistently recognized . . . that when a defendant confesses the doing of the act of which he stands accused but asserts a legal excuse or justification exonerating him from criminal intent the court should submit his theory of defense in concrete form. . . .

> "The instant case in which appellant seeks to avoid criminal liability upon the ground that the act with which he is charged was done to assist law enforcement officers is precisely the type of case in which an affirmative instruction is necessary." Kohler, supra, 200.

The law in this Commonwealth is clear on this point.

The judgment is reversed.

All concur.