Paul Henry SANDERS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Dec. 16, 1980.

Jack Emory Farley, Public Advocate, Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Paul Henry Sanders was convicted in the Jefferson Circuit Court of two counts of first–degree robbery and also was found to be a first–degree persistent felony offender. He received an enhanced sentence of two concurrent life terms.

On the evening of December 14, 1978, two black men wearing stocking masks and carrying a shotgun entered a Majik Market and demanded money. The employee on duty, Cora Boren, testified that the robbers grabbed a cash drawer and left. In the parking lot a witness, Dan Chandler, saw the two men come outside with a box and leave in an automobile. He later identified the vehicle as belonging to appellant.

Two days later two black men wearing stocking masks robbed a Pilot Oil service station. Paulette Powers, an employee, testified that one of the men was carrying a shotgun. She handed over the money in the cash register and the men left. A passing motorist, Mike Lee, became suspicious when he saw the two men hiding behind some bushes before they entered the station. He circled back by and got the license number of their car and gave it to the police who were summoned moments after the robbery.

A license check showed that the car was owned by the appellant. Police officers immediately went to his apartment and saw the car parked outside. On the hood of the vehicle was a stocking mask and on the ground next to the car door was a live shotgun shell. The officers also looked through the windows and saw several other live shells on the seats and floorboard. The officers went to appellant's apartment and knocked on the door. An elderly black woman who said she was the "rentee" gave them permission to come in and look around. This woman was appellant's mother–in–law who share the apartment with him and his wife. As the officers entered they saw appellant walking from the bedroom and placed him under arrest. They also noticed a pair of pantyhose which matched up with the stocking found on the car hood.

Both Ms. Boren and Ms. Powers later identified appellant as one of the men who robbed them. At trial Dan Chandler and Mike Lee identified the appellant's automobile as the one used in the two incidents. A jury subsequently found appellant guilty of both offenses and judgment was entered on the verdict. We affirm.

■ Appellant contends that the evidence introduced at his trial was obtained in violation of his rights under the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution. First, he alleges that the warrantless inspection of his automobile resulting in the discovery of the stocking mask and shotgun shells was illegal. The facts indicate that the investigating officers discovered these items in plain view while checking the automobile's description and license number. Generally any evidence which officers see in the course of an investigation or arrest which they detect without making a physical search is admissible under the "plain view" doctrine. *DeBerry v. Commonwealth*, Ky., 500 S.W.2d 64 (1973); *Kuhl v. Commonwealth*, Ky., 497 S.W.2d 710 (1973).

■ Secondly, appellant challenges his warrantless arrest. The record, however, discloses that no objection to an illegal arrest was ever made. This court only reviews issues properly preserved unless failure to do so would cause "manifest injus-

tice." *Burch v. Commonwealth*, Ky., 555 S.W.2d 954, 959 (1977). We see no manifest injustice in the present case. Even had the question been raised before the trial court, the warrantless arrest was nonetheless a valid one. *Shanks v. Commonwealth*, Ky., 463 S.W.2d 312 (1971).

██ Appellant further argues that the pantyhose should have been suppressed on the grounds that he did not consent to the police officers' entering his apartment. The facts reflect that appellant's mother-in-law, a co-tenant, gave the officers permission to enter, stating, "We don't have nothing to hide." Consent to search, of course, may be given by any third party who has "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *Butler v. Commonwealth*, Ky., 536 S.W.2d 139 (1976). Whether such consent is voluntary must be determined from all of the circumstances and decided by the court. *Commonwealth v. Sebastian*, Ky., 500 S.W.2d 417 (1973). We believe that the trial court properly admitted all of the evidence in question.

██ Appellant also argues that he was prejudiced at trial by the comment by one of the arresting officers that appellant "knew he was caught" at the time of the arrest. The record reflects that the jury was admonished twice regarding this improper remark. Any prejudice was therefore nullified. *Stallings v. Commonwealth*, Ky., 556 S.W.2d 4 (1977); *Hawkins v. Commonwealth*, Ky., 481 S.W.2d 259 (1972).

The judgment of the Jefferson Circuit Court is affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.