**Donnie Ray POTEETE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 20, 1985.

Marie Allison, Asst. Public Advocate Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Bruce R. Hamilton, Special Asst. Atty. Gen., La-Grange, for appellee.

Before COMBS, MILLER and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from the Oldham Circuit Court, entered pursuant to a jury verdict which found appellant guilty of promoting contraband in the first degree and of being a second-degree persistent felony offender.

Appellant was incarcerated at Luther Luckett Correctional Complex at the time of the alleged crime. Appellant's version of the events leading to his arrest and conviction differs from the Commonwealth's, so we will briefly review each side's story.

Appellant claims that an inmate approached him in January of 1983 and offered to sell him a "zip gun". A zip gun qualifies as prohibited contraband under KRS Chapter 520, and appellant's possession of the gun while confined in a detention facility is a criminal offense under the statute.

Appellant testified that he was anxious to get the gun off the yard because it was a real danger to himself and the other inmates, and because the authorities would probably confine the prison population to their cells until it turned up. Although appellant wanted to acquire the weapon, he was afraid someone was trying to set him up. Appellant explained the situation to Legal Aid Charles Morris, but Morris knew nothing which would indicate that appellant was being set up.

Appellant told Morris that he hoped to work with prison officials to buy back the zip gun. The record shows that prison officials regularly cooperated with inmates in recovering contraband off the yard, and even purchased contraband with money and cigarettes on at least one occasion. After listening to appellant's story, Morris advised him to enlist the aid of an officer whom he trusted to set up the exchange.

On January 23, 1983, appellant approached Officer Duncan and informed him that there was a gun on the compound. Appellant offered to buy back the gun on behalf of the authorities, but stated that he would need $100 to complete the purchase. Appellant suggested that prison officials observe the transfer, and arrest the person holding the gun at that time. Although officer Duncan relayed appellant's offer to his superiors, prison officials decided the deal would not work.

Officer Duncan did not work the following day. Appellant testified that he purchased the zip gun that day for money and merchandise because the inmate holding the gun threatened to sell it to someone else.

On January 25, 1983, appellant told Officer Duncan that he purchased the gun for several cartons of cigarettes and other merchandise. Officer Duncan informed appellant that his superiors would not approve the $100 payment, but appellant reiterated that he could probably find the gun. At that point, Duncan frisk-searched appellant and found the gun in his waistband. The gun was not loaded.

The Commonwealth's version of the facts is essentially the same, but the Commonwealth alleges that appellant never volunteered to do anything other than to sell the gun for $100.

Appellant asks this court to reverse his conviction on several grounds. First, appellant argues that the trial court's refusing to instruct the jury on the justification defense substantially prejudiced his case.

In this case, appellant attempted to show that the prison administration entered into prior arrangements with inmates to recover contraband off the yard in return for cigarettes, merchandise, or immunity from prosecution. Appellant testified that his entire course of conduct was aimed at getting the zip gun out of the hands of a fellow inmate and into the hands of the authorities. Appellant never denied having possession of the zip gun; his entire defense was grounded on the theory that his conduct was necessary, authorized, or approved by prison officials.

In our opinion, the trial court committed reversible error in refusing to instruct the jury on the justification defense. KRS 503.020 states "[i]n any prosecution for an offense, justification, as defined in this chapter, is a defense." The Chapter goes on to create a number of different variations on the justification defense. For example, KRS 503.030 provides that: "... conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury which is sought to be prevented by the statute defining the offense charged...." KRS 503.040(2)(b) states that "... conduct which would otherwise constitute an offense is justifiable when ... [t]he defendant believes his conduct to be required or authorized to assist a public officer in the performance of his duties, notwithstanding that the officer exceeded his legal authority."

In our opinion, appellant presented sufficient evidence at trial to allow reasonable minds to conclude that he was justified in his actions under either of these statutory sections. Appellant is entitled to have his theory of the case presented to the jury for its consideration. The trial court erred in refusing to instruct the jury on a justification defense.

Appellant also alleges that the trial court erred in excluding the testimony of inmates Morris and Despain. Despain's testimony establishes that prison officials made prior deals with inmates to recover contraband from the yard. Morris' testimony sheds light on appellant's state of mind during the events which led to his arrest. Because KRS 503.030 and 503.040 are couched in terms of the defendant's belief at the time of the alleged offense, whether he believes his conduct is necessary or justifiable, then testimony which sheds light on the defendant's state of mind at that time is relevant and admissible. *See* Lawson, *The Kentucky Evidence Law Handbook* § 850 (2nd ed. 1984). The trial court erred in excluding the testimony of Despain and Morris.

Because we reverse appellant's conviction for the principal charge of promoting contraband, we also reverse appellant's PFO conviction. We have considered appellant's other claims of error, but we find no fault with the ruling of the trial court.

The judgment of the Oldham Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

MILLER, J., concurs.

WILHOIT, J., concurs in result and furnishes separate opinion.

WILHOIT, Judge, concurring in result.

I concur in the majority opinion insofar as it reverses the trial court's judgment for failure to instruct on the defense of execution of a public duty [KRS 503.040(2)(b)]. Although no such instruction was offered by the appellant, it appears that the trial court was otherwise sufficiently presented with a request for an instruction of this nature. I do not believe the trial court abused its discretion in excluding portions of the testimony of Mr. Morris and the testimony of Mr. Despain.