**Marcus Keith BAIRD, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 4, 1986.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
June 3, 1986.

Kathleen Kallaher, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Connie V. Malone, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HOWARD and DUNN, JJ.

DUNN, Judge.

Appellant, Marcus Keith Baird, seeks review of a judgment of the Daviess Circuit Court sentencing him to a term of imprisonment of one year in consequence of his conviction for possession of a handgun by a convicted felon. He now disputes that result based upon his contention that the trial court erred in: 1) failing to grant his proposed instruction to the jury regarding his defense of justification as contained in KRS 503.040; 2) allowing the admission of testimony that the gun in his possession was loaded at the time of his arrest; and 3) overruling his objections to two separate comments made by the prosecuting attorney during the course of his closing argument. We have examined the record in this case and conclude that the trial court erred in regard to the first of appellant's contentions. Accordingly we reverse the judgment of the Daviess Circuit Court and remand for a new trial.

Each of appellant's arguments on appeal generally concern procedural issues arising during his trial. As a result there is no need for a detailed description of the events leading to appellant's arrest which would serve only to unduly burden this opinion. We will therefore provide specific facts only as are necessary for an intelligent discussion of each of appellant's assertions of error.

Appellant first maintains that the trial court erred in refusing to grant a proposed instruction on his defense of justification. KRS 503.040, the statute which establishes that defense, provides in relevant part:

(1) ... [C]onduct which would otherwise constitute an offense is justifiable when it is required or authorized by a provision of law imposing a public duty or by a judicial decree.

(2) The justification afforded by subsection (1) applies when: ... (b) The defendant believes his conduct to be required or authorized to assist a public officer in the performance of his duties, notwithstanding that the officer exceeded his legal authority.

In support of his contention that he had been acting in reliance upon that statute and therefore could not be convicted on the charge possession of a handgun by a convicted felon, appellant readily admitted at trial both that he had been the subject of a prior felony conviction and that he did have a handgun on his person at the time of his most recent arrest. He contends, however, possession of the weapon was excusable under KRS 503.040(2)(b) as he had obtained it at the request of Officer William Thompson of the Owensboro Police force. Specifically, appellant related that shortly after his initial felony conviction he had begun to engage on an ongoing basis in undercover police work under Officer Thompson's direction. Pursuant to that arrangement, Thompson asked appellant to try to acquire a handgun which had recently been reported as stolen. Initial attempts at recovering the gun were unsuccessful, a fact which appellant communicated to Officer Thompson. Shortly thereafter, however, appellant was able to purchase the gun. Rather than immediately handing it over to local law enforcement officials, who other than Officer Thompson had no knowledge of his undercover activities, appellant retained possession pending the latter's return from a fishing trip. As a result the handgun was still on his person a short while after he had acquired it when his car was stopped by police in the incident involved in this case. Upon the discovery of the gun, the investigating officers arrested appellant on the charge of possession of a handgun by a convicted felon.

In addition to his own explanation to the jury of the circumstances surrounding possession of the gun, appellant also introduced the testimony of Officer Thompson. While denying that he had specifically ordered appellant to obtain the gun in question, Officer Thompson did corroborate appellant's statements to the extent that he agreed that appellant had engaged in prior undercover activities under his direction and that he had generally requested that appellant make inquiries into the possibility of obtaining the gun. Due to the presence of the above testimony in the record, appellant allows that the trial court erred in refusing his proposed instruction on the defense of justification pursuant to KRS 503.040. We agree.

■ Both the former Court of Appeals and this Court have previously determined that in cases in which the defendant has confessed his commission of the act of which he stands accused but asserts a legal excuse or justification exonerating him of criminal intent, the trial court is bound to present that defense to the jury in the form of a concrete instruction. *Kohler v. Commonwealth*, Ky., 492 S.W.2d 198 (1973); *Poteete v. Commonwealth*, Ky.App., 701 S.W.2d 416 (1985). Such is precisely the case here. Appellant at trial admitted his possession of a handgun even though he had the status of a convicted felon. He then sought to exonerate himself of that crime on the grounds that his actions were justified under the provisions of KRS 503.-040(2)(b), a position which was at least partially corroborated by the testimony of Officer William Thompson. Under *Kohler, supra,* and *Poteete, supra,* that evidence was sufficient to effectively raise the defense of justification and the trial court erred in refusing to grant appellant's request for an instruction on that issue.

■ Having determined that the trial court committed reversible error in failing to properly instruct the jury, we need only briefly address appellant's two remaining assertions of error. First, the trial court properly admitted the testimony of one of the arresting police officers to the effect that the handgun was loaded when taken from appellant. While such evidence might not be directly relevant to the question of whether appellant was a convicted felon in possession of a handgun, it was nonetheless relevant to the validity of his de-

fense of justification. The jury could use it as the basis of a conclusion that he was not acting within the scope of KRS 503.040 at the time of his arrest. *See* R. Lawson, *The Kentucky Evidence Law Handbook*, § 2.00 (2d ed. 1984). Consequently, the trial court did not err in allowing the admission of this evidence.

Finally, appellant contends that the trial court improperly overruled his objections to two separate statements made by the prosecuting attorney during the course of his closing argument. As the basis for that assertion, appellant contends that neither of the remarks were supported by the evidence produced at trial. Again we disagree.

A review of the entire record reveals that both statements were reasonable inferences deducible from the testimony given by the various witnesses appearing at trial. As a result the prosecutor was entitled to bring those inferences to the attention of the jury. The trial court did not err in overruling appellant's objections in that regard. *Hunt v. Commonwealth*, Ky., 466 S.W.2d 957 (1971).

The judgment of the Daviess Circuit Court is REVERSED and REMANDED for a new trial.

HOWARD, J., concurs.

COMBS, J., concurs in result and furnishes separate opinion.

COMBS, Judge, concurring in result.

I concur in the result reached by the majority, but feel it my sworn duty to comment on the statute under which the appellant was indicted, tried and convicted.

KRS 525.040 is clearly and unequivocally violative of § 1(7) of the Bill of Rights to our Constitution and the decision of the Supreme Court in the case of *Eary v. Commonwealth*, Ky., 659 S.W.2d 198 (1983), is clearly violative of § 26 of our Constitution and therefore void.

§ 1 of our Bill of Rights commenced with the following:

All men are, by nature, free and equal, and *have certain inherent and inalienable rights,* among which may be reckoned:

....

(7) The right to bear arms in defense of themselves and of the state, subject to the power of the general assembly to enact laws to prevent persons from carrying concealed weapons. [Emphasis added.]

The Legislature by enacting KRS 527.020 has performed the only thing they were at liberty to perform by virtue of this provision by making it a Class A misdemeanor or Class D felony to carry a concealed weapon. The court in *Eary* held the statute to be constitutional as a valid exercise of the police power of the Commonwealth of Kentucky. No person or any group of persons have any power in this Commonwealth that is not expressly delegated to them. It is obvious to this writer that the court in writing the opinion in *Eary* were not mindful of § 26 which provides:

To guard against transgression of the high powers which we have delegated, we declare that everything in this Bill of Rights is excepted out of the general powers of government, and *shall forever remain inviolate;* and all laws contrary thereto or contrary to this Constitution, shall be void. [Emphasis added.]

Counsel for appellant obviously assuming that the Court's ruling in *Eary* superseded and nullified our Bill of Rights did not raise the constitutional question. I would remind counsel and all attorneys that we, by virtue of § 228 of our Constitution, are required to support the Constitution, and we must be ever vigilant to protect the rights contained in that hallowed document. It may be that such a law as was contemplated in KRS 527.040 would be a desirable law, but that is for the people of the Commonwealth to decide by constitutional amendment and not the judiciary.

We are a court of justice. To permit a citizen to be deprived of his liberty under a statute that so conflicts with the funda-

mental principles of this Commonwealth would be to work an injustice of the first magnitude. To permit this conviction to stand under the circumstances would constitute a manifest injustice within the meaning of RCr 10.26.

I would reverse this conviction with directions to remand to the circuit court to dismiss the indictment.