Elmer Eugene
**BLANKENSHIP, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

No. 86–CA–2270–MR.

Court of Appeals of Kentucky.

Oct. 23, 1987.

Discretionary Review Denied by Supreme Court Dec. 9, 1987.

Linda B. Sullivan, Appellate Public Advocate, Lexington, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, GUDGEL and REYNOLDS, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Johnson Circuit Court after a jury convicted appellant of robbery in the first degree. Appellant in essence contends that the trial court erred (1) by admitting into evidence a handwritten note which was seized during a warrantless search of the vehicle he drove on the night of the alleged robbery, (2) by failing to grant his motion for a mistrial after a deputy sheriff testified that appellant requested an attorney subsequent to his arrest, (3) by failing to instruct the jury concerning the offense of terroristic threatening, (4) by excluding certain evidence indicating that he was previously acquainted with the alleged victim, and (5) by failing to reopen the case and permit him to adduce additional evidence. We disagree with all of appellant's contentions. Hence, we affirm.

During the early morning hours of October 13, 1984, a robbery allegedly occurred at a gas station in the Paintsville area. Appellant, the alleged robber, was found at the scene with two gunshot wounds to his head. He and the station attendant, Charles Dollarhide, were the only witnesses to the occurrence.

Dollarhide testified that appellant entered the station, pointed a gun at him and demanded money. Dollarhide gave appellant $125 and he left. Dollarhide proceeded, however, to press a silent burglar alarm and obtain a weapon. The appellant then returned to the building and began shooting. Dollarhide returned the gunfire, and appellant fell on the porch after being hit twice in the head. Dollarhide denied knowing appellant prior to this incident.

Appellant testified that he and Dollarhide had known one another for some years and had partied together on numerous occasions. On the afternoon before the alleged robbery, they drove to another county so that appellant could purchase marijuana. Appellant gave some of it to Dollarhide, with the understanding that he would be paid for it that night while Dollarhide was at work. When appellant arrived at the gas station that night, Dollarhide acted as if he did not know him, refused to pay him

the money and pulled a gun on him. Appellant returned home, obtained his own gun and went back to the station. He got out of his car, concealed the gun in his pants, and walked toward the building. However, Dollarhide surprised him and shot him.

At the conclusion of the trial, the jury returned a guilty verdict and a judgment was entered accordingly. This appeal followed.

First, appellant contends that the court erred by admitting into evidence a handwritten note which was seized during a warrantless search of the vehicle he drove on the night of the robbery. We disagree.

■ It appears from the evidence that appellant was unconscious from the time he was shot until a week or ten days later. It was uncontroverted at trial, however, that he carried no identification when he was injured, and that his identity was still unknown by law enforcement and medical personnel when the deputy sheriff entered the vehicle. Further, there was no indication that when he entered the vehicle, which had been towed to another location, the deputy sheriff sought anything besides something to disclose either appellant's identity or that of a family member. Moreover, it was uncontroverted that the note, which read "[b]e cool, give me all the money," was then plainly visible on the car's dash, although the deputy sheriff did not notice it before he entered the vehicle.

Clearly, seeking the identity of a injured person is a task which may cause a law enforcement official to have extensive non-criminal contact with an automobile driven by the person, and a search of the vehicle for that purpose without a warrant is not necessarily unreasonable. *See Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). *Cf. Kuzmiak v. Flowers*, Ky., 580 S.W.2d 226 (1979) (taking a blood sample from a person killed in an automobile accident was part of the state trooper's accident investigation and did not amount to unreasonable search and seizure.)

Here, the investigating officer responded to appellant's shooting in a manner in which we would expect any officer to respond when dealing with an unidentified, seriously injured person. We do not believe, in view of the exigent circumstances present in the instant action, that the officer's entry into the vehicle was unreasonable merely because he did not obtain a search warrant. *See Dombrowski, supra.* Once in the automobile, the officer's seizure of the note which was then in his plain view was clearly not illegal. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

■ Appellant also argues that the note seized was inadmissible into evidence because it was irrelevant and because it constituted evidence of other crimes. However, these objections to the admission of the note were not raised at appellant's trial. Hence, they were not preserved for our review. Moreover, we are not persuaded, in view of the evidence adduced, that any manifest injustice resulted from the note's admission into evidence.

Next, appellant contends that the trial court erred by failing to grant him a mistrial after a deputy sheriff testified that appellant requested an attorney subsequent to his arrest. We disagree.

The testimony about which appellant complains was given in response to a question as to whether appellant made any statement at the time of his arrest, some several months after the robbery occurred. The witness stated that appellant "was advised of his rights. *He asked to see an attorney.* He made a short voluntary statement, completely on his own on the way to Paintsville." (Emphasis added.) Appellant immediately objected and moved for a mistrial. Although the court denied the motion for a mistrial, the jury was admonished not to consider the officer's remark concerning appellant's request for an attorney.

■ Appellant, citing *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), argues that it was fundamentally unfair and violative of his due process

rights for the witness to testify that appellant sought to exercise his *Miranda* rights by asking to speak with an attorney. However, appellant's reliance on *Doyle* is misplaced. *Doyle* involves the prosecution's improper use of a defendant's postarrest silence to impeach that defendant's subsequent exculpatory story. The mere mention of a postarrest decision to request an attorney, by contrast, does not inherently create a comparable level of doubt as to the truthfulness of the defendant's subsequent exculpatory story. Moreover, we are convinced that any prejudice caused as a result of the officer's comment was rendered harmless by the court's admonishment to the jury. *See Sanders v. Commonwealth,* Ky., 609 S.W.2d 690 (1980); *Stallings v. Commonwealth,* Ky., 556 S.W.2d 4 (1977).

Next, appellant contends that the court erred by failing to instruct the jury on the offense of terroristic threatening. We disagree.

■ Appellant cites *Rudolph v. Commonwealth,* Ky., 504 S.W.2d 340 (1974), and *Kohler v. Commonwealth,* Ky., 492 S.W.2d 198 (1973), to support his argument that the court should have instructed the jury concerning terroristic threatening. However, we reject appellant's claim that he was entitled to engage in conduct amounting to terroristic threatening in order to collect money owed as a result of an illegal drug transaction. Such conduct simply cannot be relied upon as a legal defense exonerating a defendant from criminal liability for the intentional commission of a robbery. *Cf. Smith v. Commonwealth,* Ky.App., 587 S.W.2d 266 (1979).

■ Moreover, appellant was not entitled to an instruction on the offense as a lesser included offense of robbery. Appellant claimed that he told Dollarhide that "me and you are going to fight, if you don't give me my money," and then left the scene. He went to his home, some twenty or thirty minutes away, and returned with a gun which he concealed beneath his clothes. However, he claimed that before he could remove the gun from his clothing or make any threats, Dollarhide suddenly appeared and pointed a gun at him. Appellant raised his hands and told Dollarhide to keep the money, but Dollarhide shot him. Hence, appellant's evidence did not justify giving an instruction on terroristic threatening since there was no evidence that he threatened "to commit any crime likely to result in death or serious physical injury to another person or likely to result in substantial property damage to another person." KRS 508.080(1)(a). We find no error in the court's failure to instruct the jury on terroristic threatening.

Appellant next contends that the trial court erred by excluding evidence that he was acquainted with Dollarhide. We disagree.

Appellant sought to introduce a friend's testimony regarding a statement appellant allegedly made several days before the robbery. The court sustained the commonwealth's objection and the statement was not admitted. By way of avowal, the witness testified that when he saw appellant at a gas station, appellant identified his companion, who was some distance away and facing another direction, as Dollarhide. Further, appellant told him where he and Dollarhide were planning to go after they left the station.

■ Appellant argues that this statement was admissible under the present state of mind exception to the hearsay rule, because it showed his then-existing state of mind or emotion by revealing his intention to travel elsewhere with Dollarhide. *See* R. Lawson, *The Kentucky Evidence Law Handbook* § 8.50 (2d ed. 1984). However, we disagree since appellant's then-existing state of mind is not relevant to any of the issues concerning the criminal conduct for which he was tried. Further, it also appears not to fall within the exception since appellant was not dead or otherwise unavailable at trial. *See Scruggs v. Commonwealth,* Ky., 566 S.W.2d 405 (1978), *cert. denied* 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321 (1978); *Todd v. Commonwealth,* Ky., 511 S.W.2d 239 (1974); *The Kentucky Evidence Law Handbook, supra.*

█ Finally, appellant argues that the court erred by failing to reopen the case, after the close of all the evidence, so that he could adduce evidence that another body of water existed in the Paintsville Lake area prior to that lake's 1984 opening date. However, a trial court is vested with wide discretion in determining whether to re-open a case so that a party may adduce new evidence. Unless clearly erroneous, the court's exercise of its discretion will not be disturbed on appeal. *See Veach v. Commonwealth,* Ky., 572 S.W.2d 417 (1978); *Shaw v. Commonwealth,* Ky., 497 S.W.2d 706 (1973). Having carefully reviewed the evidence, including that adduced by avowal, we are unable to say that any abuse of discretion occurred.

The court's judgment is affirmed.

All concur.