Jerry ILES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 26, 1970.

**534**

Louis W. Gorman, Covington, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Jerry Iles was convicted of violating KRS 433.220, based upon evidence that he drove an automobile belonging to Clay Cain without the latter's consent. The jury fixed his punishment at confinement in the reformatory for two years.

For reversal appellant asserts that (1) error was committed by improper voir dire questioning by the Commonwealth's attorney; (2) the evidence was insufficient to submit the issue of guilt to the jury; and (3) the court failed to instruct on the whole law of the case.

An officer of the Newport Police Department stopped a vehicle in Newport about 1 a. m. on March 14, 1969. The car belonged to Clay Cain and had been stolen. The officer testified that Iles was the driver of the car. Two other persons were in the car with Iles. As Iles approached the officer the other men fled, whereupon Iles ran also. The officer pursued the other two men, finally catching and arresting one of them, Roger Dunigan.

About 11 p. m. on the same date, Iles appeared at the jail seeking to arrange bail for Dunigan. The police officer recognized him and placed him under arrest. Iles denied complicity and presented alibi testimony. The officer swore positively that Iles was the man whom he observed driving the stolen car.

The Commonwealth's attorney informed the prospective jurors of the permissible penalties prescribed by statute and inquired whether any of them had conscientious scruples against imposing a penitentiary sentence for auto theft, or believed the prescribed statutory range of punishment to be too severe. The veniremen remained silent. No prospective juror was excused for cause. RCr 9.38 directs that the trial court afford reasonable opportunity to the Commonwealth and the defendant to conduct voir dire examination. The questions propounded by the Commonwealth's attorney were proper. No possible prejudice is suggested by reason of these questions. Even if this had been error, which it was not, it would not be reversible error anyway. RCr 9.24.

The evidence of the police officer was sufficient to create a submissible jury issue, considering that the owner of the car testified that the car had been taken without his consent. There was no necessity for corroboration, as no accomplice's evidence was presented. RCr 9.62.

Finally, appellant asserts that the court erred in failing to affirmatively instruct the jury to find him not guilty if the jury believed his alibi. No such affirmative instruction was necessary. Cf. Parsley v. Commonwealth, Ky., 321 S.W.2d 259; Whitaker v. Commonwealth, Ky., 302 S.W.2d 601.

The judgment is affirmed.

All concur.