**Norman Lee OWENS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Carl R. Clontz, Allen, Clontz & Cox, Mt. Vernon, Smith & Blackburn, Somerset, for appellant.

Ed W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

The appellant is assistant cashier and manager of the Portland Branch of the First National Bank of Louisville. He had been vacationing near Russell Springs, Kentucky, where he was living in a cabin and fishing. On the day of the fatal occurrence in question, he arose early in the morning, went fishing, and while so engaged drank a couple of beers. It was his testimony that he returned to the cabin, where he may have had another beer, and proceeded to spray the cabin with a pesticide. Shortly after spraying the cabin he became violently ill and vomited. Later on, somewhere approaching noon (the testimony is somewhat confusing as to time) he drove toward Somerset. At the edge of the city limits of Somerset while, according to his testimony, driving 30 to 35 miles per hour on a wet road in the rain and rounding a curve to his left, he had a head-on collision with a Volkswagen automobile driven by Ira Redmon Girdler. Mrs. Girdler died as a result of the injuries sustained in the collision.

Appellant was indicted and tried for the offense of involuntary manslaughter. KRS 435.022. The court also instructed the jury under KRS 435.025, negligent homicide with an automobile. The jury found appellant guilty of manslaughter in the second degree and fixed his punishment at a nine-month jail sentence and a $5,000 fine.

Appellant makes two contentions of error concerning the trial. First, he complains that the trial court erroneously failed to instruct the jury to acquit him if the collision was accidental. Second, he complains that the trial court erred in admitting in evidence the results of a breathalyzer test. We will deal with these contentions in their respective order.

Appellant contends that he was entitled to an affirmative instruction that if the collision was the result of an accident he should be acquitted. In support of this contention he relies on Hemphill v. Commonwealth, Ky., 379 S.W.2d 223, Hill v. Commonwealth, Ky., 339 S.W.2d 170, and Cody v. Commonwealth, Ky., 449 S.W.2d 749. We do not believe the Cody case is in point as it dealt with the court's denial of a sudden emergency instruction. The trial court did give an instruction on accident as a defense and we held the instructions were not prejudicial. In Hemphill we were dealing with a shooting incident resulting from an affray and we do not consider that case to be squarely in point. Hill v. Commonwealth is in point. There we held the defendant being tried for involuntary manslaughter for the striking of a pedestrian with an automobile was entitled to an accident instruction. That case cited with approval and followed Marye v. Commonwealth, Ky., 240 S.W.2d 852, and Monson v. Commonwealth, Ky., 294 S.W. 2d 78. In Hill we quoted extensively from Monson v. Commonwealth, at 81, as follows:

"Since the Marye case and the enactment of KRS 435.025, the negligent homicide statute, doubt has been expressed as

to whether an instruction on accidental killing by auto is proper. There is no reason perceived why the creation of a lesser included offense should deprive the accused of an instruction to which he previously had been entitled."

Following the above quotation we pointed out that appellant's whole defense was based on the idea that he was not guilty of negligence in any sense and the accident was caused by the negligent and erratic conduct of the decedent. The Attorney General in the case before us points to this language and insists that an affirmative instruction on accidental killing is not warranted unless the defense is one that points to negligence on the part of the decedent. We believe this to be a thin line of distinction and one that would be almost impossible to follow consistently.

The problem of when a defendant in a criminal prosecution is entitled to an affirmative instruction in this jurisdiction is, to say the least, somewhat confusing. We have in the books, for example, cases such as Frazier v. Commonwealth, 291 Ky. 467, 165 S.W.2d 33, wherein this court stated at 35:

"A special instruction submitting a defense is not required except where it is something in the nature of the civil plea of confession and avoidance, that is, that the defendant did the act but should be excused for some legal or affirmative reason."

On the other hand, we have broad general statements of the law starting with Agee v. Commonwealth, 5 S.W. 47, 9 Ky.Law Rep. 272, wherein the principle is stated that in a criminal prosecution, instructions applicable to every state of the case deducible from the testimony or supported by it to any extent should be given to the jury. This was followed by such cases as Shelton v. Commonwealth, 145 Ky. 543, 140 S. W. 670, wherein we stated the rule that the accused is entitled to an instruction submitting his theory of the case as disclosed by his testimony when there is a contradiction between his testimony and that of the prosecution. If one pursues the subject in depth it soon becomes apparent that no one specific rule is applied in all cases alike, viz., one rule may apply in local option cases, another in murder and another in storehouse breaking. As an example, in Baker v. Commonwealth, Ky., 288 S.W.2d 56, this court pointed out that in a prosecution for storehouse breaking, defendant who denied entering the store, was not entitled to a special instruction on his theory of the case, which was that he merely took some gasoline and was not guilty of the offense of storehouse breaking. Some of our latest pronouncements on the subject can be found in cases like Iles v. Commonwealth, Ky., 455 S.W.2d 533, where we held that one accused of driving an automobile without the owner's consent was not entitled to an affirmative instruction presenting his defense of alibi. In Cooley v. Commonwealth, Ky., 459 S.W.2d 89, we held in a manslaughter prosecution that the defendant, who claimed to be suffering from psychomotor epilepsy, was not entitled to a specific instruction on epilepsy when a general instruction on insanity was given and adequately presented the defense. In Dolan v. Commonwealth, Ky., 468 S.W.2d 277, where a husband accused of killing his wife with a pistol contended he was not in the room when she was shot, we held that he was not entitled to an instruction on accidental death or suicide since the jury had to believe beyond a reasonable doubt that he willfully and feloniously, etc., shot the deceased. In Dennis v. Commonwealth, Ky., 464 S.W.2d 253, the accused was convicted of voluntary manslaughter, the jury having found he killed his adversary with a knife in a drunken brawl. His defense was that his adversary drew the knife on him and must have fallen on his own knife. He contended he was entitled to an accidental death instruction. We held that a failure to give such an instruction was harmless error since the instructions given by the court precluded conviction unless the defendant "willfully" did the act or acts producing the homicide.

In the course of our opinion we pointed out that we entertained doubt concerning the soundness of our previous decisions that required an affirmative instruction on accidental homicide. The pertinent part of the decision at 255, 256, reads as follows:

". . . Assuming, without deciding, that the circumstances of this case would have warranted the giving of an instruction on accidental homicide in light of previous decisions, the court is of the view that no such instruction was required, and failure to give it was not prejudicial. In each instruction presenting the case to the jury, the court required the jury to believe and find that the accused had 'willfully' done the act or acts producing the homicide. The word 'willful' was defined by the court as meaning 'intentional, not accidental.' In these circumstances, it is apparent that the jury was fully apprised of its prerogative to acquit appellant if it entertained reasonable doubt of his having 'willfully' committed the offense. *Although earlier decisions have resulted in reversal of convictions for the failure to affirmatively instruct on accidental homicide, the court entertains doubt of the soundness of such cases.* It is not necessary to determine here that an instruction on accidental homicide should never be given. It suffices to observe that no such instruction was required in this case, and its omission was harmless, even if it could be regarded as erroneous." (emphasis ours)

■ Having seen the error of our ways and the danger that can flow from broad general statements concerning instructions, generally in criminal cases we will attempt not to compound the felony any further but will again timidly point out that it is the opinion of this court that when a tendered affirmative defensive instruction does nothing more than give the converse of the facts which the jury must find in order to convict the defendant it is not prejudicial error for a trial court not to

give such instruction. However, there are defenses in the law such as insanity that are something other than the converse of the affirmative instruction given by the court. These when properly requested and warranted by the proof should be given.

■■ Now to the specific case at hand. We believe that Monson v. Commonwealth, Marye v. Commonwealth and Hill v. Commonwealth to the extent that they require an accident instruction in prosecutions for voluntary manslaughter, involuntary manslaughter and negligent homicide from the use of a vehicle are in error and are hereby overruled. Before the jury can convict in this type of case it must find the existence of the elements required by the act, viz., wanton indifference to the value of human life, or reckless conduct according to the standard of the conduct of a reasonable man, or negligent operation of a motor vehicle, negligence being defined as a failure to use ordinary care, etc. Once the jury is instructed that it must make this determination, it is axiomatic that it can not make the determination if the death resulted from an accident; therefore, the affirmative instruction on accident is superfluous.

■■ Appellant next contends that the results of a breathalyzer test should not have been admitted in evidence as the integrity of the test was not proved. We believe the integrity was sufficiently established as the operator of the machine testified concerning the training and the operation of the machine, that all necessary preoperational checks were performed and that the machine was functioning satisfactorily. It is generally held that the prosecution has the burden of proving tests such as the breathalyzer were correctly administered. As a minimum this proof must show that the operator was properly trained and certified to operate the machine and that the machine was in proper working order and that the test was administered according to standard operating procedures. We believe the proof in this

case met these requirements. See Marcum v. Commonwealth, Ky., 483 S.W.2d 122.

▪ Appellant also contends that the results of the test were inadmissible in evidence as he was coerced into giving evidence against himself in contravention to his rights under the Constitution. We have met and answered this question in Newman, Department of Public Safety v. Stinson, Ky., rendered Oct. 20, 1972.

The judgment is affirmed.

All concur.