Daniel W. STAFFORD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1973.

Wheeler B. Boone, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Daniel Stafford was charged in Fayette Circuit Court with embezzlement. A jury returned a verdict of guilty imposing a seven-year prison sentence. Stafford appeals.

Stafford claims he should have had a directed verdict on the trial because of a variance between the proof and the indictment and because the evidence of the Commonwealth did not warrant submitting the case to the jury. He further asserts error in the instructions.

In January 1969, Great Southern, Incorporated, negotiated a loan with Central Bank & Trust Company of Lexington in the amount of $85,000 and pledged certain stock as security for the loan. In July of 1969, the stock pledged as security for the loan had depreciated in value, and in November the bank requested Stafford to furnish additional collateral for the loan to Great Southern. Stafford was the president, chairman of the board, on the executive committee, and the principal stockholder of Great Southern. He signed the note at the bank as president of Great Southern and individually and was personally liable thereon. Stafford furnished the bank, as additional collateral on the Great Southern note, a certain promissory note dated May 10, 1967, from Carroll Cole and Ray Flannery in the principal amount of $68,339.36 payable to Allstate Mortgage Company. Stafford was also president, chairman of the board, on the executive committee, and one of the large stockholders of Allstate Mortgage Company.

The bank accepted the Cole-Flannery note as additional collateral and later requested Stafford to furnish the bank proper resolutions of Great Southern and Allstate Mortgage Company showing authority for this transaction. There was introduced into evidence a copy of the minutes of a special meeting of the board of directors of Great Southern held on December 21, 1969, with a resolution authorizing Stafford as president to purchase the Cole-Flannery note from Allstate Mortgage Company, the terms of the sale to be negotiated by the chief executive officer of Great Southern and the chief executive officer of Allstate Mortgage Company (Stafford in both instances). Stafford signed the minutes of the meeting as president, and his wife signed as secretary. On the following day, December 22, 1969, it appears from the copy of the corporate minutes introduced into evidence, there was a special meeting of the board of directors of Allstate Mortgage Company, and the exhibit reflects a resolution whereby Allstate agreed to sell the Cole-Flannery note to Great Southern with an identical recitation concerning the terms of the sale. This resolution was signed by Stafford as president of the company and his wife as secretary. Copies of these resolutions were presented to the bank by Stafford and were accepted by the bank.

On the first of September 1970, the bank called upon Cole and Flannery to pay the note, and Flannery paid the note in full. The bank applied the full amount of the proceeds to the note of Great Southern. One of the makers of the Cole-Flannery note, Carroll G. Cole, was an original stockholder and a director of Allstate Mortgage Company. Subsequently Stafford was indicted on a charge of embezzlement.

On the trial of the case, Stafford contended and testified that the transaction was an *inter vires* act and was duly authorized and carried on in good faith. The Commonwealth introduced three witnesses who were directors of Allstate Mortgage Company; they testified they did not receive notice of the special meeting of the board of directors of Allstate Mortgage Company, which was purportedly held as described above.

The indictment pursuant to KRS 434.010 charged that "on or about September 1, 1970," Daniel Stafford, "who was either an officer, agent or employee of Allstate Mortgage Company, Inc., embezzled or fraudulently converted to his own use or the use of Great Southern, Inc., $68,339.36 of Allstate Mortgage Company's money."

■ Stafford contends that the Cole-Flannery note could not be considered as "money" within the purview of KRS 434.-010 and that this constituted a fatal variance between the charge in the indictment and the proof. He buttresses this argument with the assertion that he did not receive any of the money and that if, in fact, there was a conversion on September 1, 1970, it was done by Central Bank and not by him. The simple answer to this contention is that "money" was paid to Central Bank by Flannery, and "money" was applied by the bank to the Great Southern note; while it is apparent that Stafford did not "receive" any of the money, his personal liability on the Great Southern note at Central Bank was correspondingly reduced by $68,339.36. On September 1, the Cole-Flannery note was by virtue of the payment converted to money precisely in accordance with the charge in the indictment; consequently, there was not a variance between the indictment and the proof.

■ Stafford's contention that he was entitled to a directed verdict is based on his assertion that his pledging the Cole-Flannery note was in good faith and with proper corporate authority throughout the transaction. The undisputed fact that Stafford was personally liable on the Great Southern note, the testimony of three directors of Allstate Mortgage that they received no notice of a special meeting of the board of directors, the testimony regarding the doubtful financial condition of Great Southern, and the indefinite terms of the sale of the Cole-Flannery note created a jury issue. Where evidence is conflicting or different inferences may be drawn from it, the question of its weight and probative effect is one that is in the province of the jury. Rogers v. Commonwealth, Ky., 444 S.W.2d 548 (1969). A jury issue was presented, and the trial court did not err in overruling the motion for a directed verdict.

Stafford objected to Instruction No. 2, given by the trial court, and contends that the trial court erred in not instructing the jury on his theory of the case.

■ Instruction No. 2 reads as follows:

"If the defendant unlawfully and fraudulently and feloniously caused the proceeds of the note from Carroll G. Cole and Ray Flannery, to be applied to the note which Great Southern, Incorporated, had given to Central Bank & Trust Company of Lexington, Kentucky, and the defendant was personally liable on the note which had been given to said bank, this would constitute an appropriation or conversion of the said Allstate Mortgage Company, Inc's. property."

The facts set out in the instruction are not controverted. The testimony in this case is voluminous and detailed with regard to the financial operations of the corporations concerned. The instruction is in effect a legal definition provided by the court to enable the jury to better understand the issue involved. It does not, as argued by Stafford, make a presumption of law or fact since the element of intent remained for the jury to determine. We find no error in Instruction No. 2.

Finally, Stafford claims the trial court committed error in not instructing on his theory of the case which was that he had acted with proper authority and in good faith. This is simply the converse of the terms "unlawfully" and "feloniously" used and clearly defined in Instruction No. 1, is negative, and an instruction as asked for by Stafford would be superfluous. It is not prejudicial error for the trial court to decline such proposed instruction. Owens v. Commonwealth, Ky., 487 S.W.2d 897 (1972).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEINFELD, JJ., sitting.

All concur.