Rodney Linear SHIELDS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 90–SC–348–MR.

Supreme Court of Kentucky.

June 6, 1991.

Rehearing Denied Aug. 29, 1991.

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Ian G. Sonego, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

SPAIN, Justice.

This is a direct appeal from a jury verdict convicting Rodney Linear Shields of first-degree robbery and of being a persistent felony offender in the second degree and fixing his punishment at twelve years' imprisonment, enhanced to thirty-two years.

The sole issue is whether the trial judge committed reversible error in sustaining a pretrial *in limine* motion of the Commonwealth to prevent defense counsel from discussing the penalty range during voir dire. Under the circumstances of this particular case, we hold that there was no reversible error; however, we believe we should clarify our position as to the effect of KRS 532.055, the so-called "truth-in-sentencing" statute, on the voir dire process under RCr 9.38 and earlier cases decided thereunder. Some confusion may have arisen as a result of the following language contained in our majority opinion in *Carter v. Commonwealth*, Ky., 782 S.W.2d 597 (1989) at p. 601:

> Carter's next issue is that, after the jury returned with a verdict finding him guilty of **both** possession **and** trafficking in LSD, the trial court improperly advised the jury how to correct the verdict. While explaining to them the difference in these two offenses, and that they

could not find Carter guilty of both, presumably the court also informed them that the offense of trafficking carries a stiffer penalty than the offense of possession. Carter argues that this information may have impermissibly influenced the jury to find him guilty of the more serious offense. He claims that telling the jury sentencing information during the guilt/innocence phase of the trial violated the statutory process of a bifurcated trial as set forth in the new truth-in-sentencing statute, KRS 532.055, and thereby denied him due process of law. We agree the statute now so provides. (Emphasis in original.)

It is true that our current criminal trial procedure generally precludes the jury from hearing purely "sentencing information" during the guilt or innocence phase of a trial. However, it does not absolutely preclude their being given some information of that type incidental to a proper voir dire examination. In order to be qualified to sit as a juror in a criminal case, a member of the venire must be able to consider any permissible punishment. If he cannot, then he properly may be challenged for cause. *See Grooms v. Commonwealth*, Ky., 756 S.W.2d 131 (1988). This type of questioning, of course, must come before the guilt or innocence phase since there is no separate voir dire thereafter but before the punishment phase.

As we held in *Iles v. Commonwealth*, Ky., 455 S.W.2d 533 (1970):

The Commonwealth's attorney informed the prospective jurors of the permissible penalties prescribed by statute and inquired whether any of them had conscientious scruples against imposing a penitentiary sentence for auto theft, or believed the prescribed statutory range of punishment to be too severe. The veniremen remained silent. No prospective juror was excused for cause. RCr 9.38 directs that the trial court afford reasonable opportunity to the Commonwealth and the defendant to conduct voir dire examination. The questions propounded by the Commonwealth's attorney were proper. No possible prejudice is suggested by reason of these questions. Even if this had been error, which it was not, it would not be reversible error anyway. RCr 9.24.

A meaningful voir dire examination by both sides is a *sine qua non* to the seating of a fair and impartial jury. *Sizemore v. Commonwealth*, Ky., 306 S.W.2d 832 (1957). Of course, care must be exercised to assure that information unduly prejudicial to either side is not introduced into the voir dire examination unnecessarily or by subterfuge for the real purpose of influencing the jury prematurely. For example, it would be impermissible for the Commonwealth at that stage to attempt to inform the jury of a defendant's prior criminal record or the fact that there would be a persistent felony offender count to be tried if there were a guilty verdict as to the underlying offense.

In the case at bar, the record shows that defense counsel was prevented by the *in limine* ruling from telling the jury that the range of punishment would be imprisonment for ten to twenty years. The ruling was correct, since, as indicated by the final sentence, this was not the correct permissible range of punishment; it was twenty years to life, by reason of the PFO count. If the trial court had permitted defense counsel to discuss the range of punishment as requested, then, in fairness, the prosecution should also have been permitted during its questioning to explain that, under certain circumstances in the case, the range of punishment could be from twenty years' to life imprisonment. *See Boone v. Commonwealth*, Ky., 780 S.W.2d 615 (1989).

There having been no abuse of discretion by the trial court under the circumstances of this case, the judgment is affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents from holding "that there was no reversible error" in this case.