Albert E. HARRIS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee,

and

Ondrae WALKER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 91–SC–712–MR, 92–SC–341–TG.

Supreme Court of Kentucky.

Nov. 24, 1993.

As Amended Nov. 24, 1993.

Rehearing Denied Feb. 24, 1994
in No. 92–SC–341–TG.

Herbert T. West, Fayette County Legal Aid, Lexington, for appellant, Albert E. Harris.

Pierce Butler Whites, Anna Whites, Louisa, for appellant, Ondrae Walker.

Chris Gorman, Atty. Gen., Samuel J. Floyd, Jr., Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

SARA WALTER COMBS, Justice.

In a single indictment, count one charged Albert Harris and Ondrae Walker with a joint crime—trafficking in cocaine. Count two charged Harris with a second, separate

trafficking offense, and count three charged Harris as a persistent felony offender.

Following a joint trial, Harris was convicted of criminal facilitation under count one, and sentenced to twelve months and a $500 fine. Harris was also found guilty under count two, and sentenced to ten years, which sentence was enhanced to twenty years upon his conviction as a persistent felony offender in the second degree under count three. Harris appeals to this Court as a matter of right.

Walker was found guilty under count one, and sentenced to five years. His appeal to the Court of Appeals was transferred to be heard and considered with Harris's appeal.

### No. 91–SC–712–MR

■ A critical element of the Commonwealth's case was the testimony of an informant, one Greene, who was himself facing drug-trafficking charges and was cooperating with the police. Harris's first issue on appeal is whether the trial court improperly limited cross-examination of a police officer as to the possible penalty which Greene faced if he did not cooperate as an informant and a witness. It appears that Greene, if convicted on the principal charge contained in the indictment, could be sentenced to five-to-ten years, which sentence might be enhanced to ten-to-twenty years under a PFO charge. The trial court limited questioning on the subject to whether Greene faced "more than one year." Harris contends that the limitation denied him an opportunity to demonstrate to the jury the true extent of Greene's interest in providing damaging evidence against the defendants.

The basis of the trial court's ruling on the matter was that, because Greene was charged with the same offense as defendant Harris, informing the jury of the sentence which Greene faced would necessarily inform the jury of the penalty range for the charge against Harris. Providing the jury with such sentencing information during the guilt/innocence phase of trial was thought to be impermissible under the bifurcated trial procedures established by KRS 432.055 as adopted by our decision in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987). Shortly after

the trial of the present case, our decision in *Shields v. Commonwealth*, Ky., 812 S.W.2d 152 (1991) became final. In *Shields*, we said that it is not absolutely impermissible to provide the jury with sentencing information incidental to a proper voir dire examination, where the purpose is to determine whether a potential juror is qualified in the context of being able to consider all permissible penalties. We held, however, that under the circumstances of that case, the trial court's refusal to permit penalty-range questioning during voir dire did not constitute an abuse of discretion.

The present case presents no issue respecting the qualifications of the jurors, but is a matter of the credibility of a witness. Although not made aware of the somewhat speculative information as to the penalty range to which Greene would be subject if tried and convicted, the jury was well aware that Greene was in fact under indictment for trafficking in cocaine, that he had a history of using and selling drugs, that he was a convicted felon, and that if tried and convicted on the pending charge he would be imprisoned for more than one year. We cannot conclude that Harris was denied the right to confront and cross-examine the witness, or to impeach his credibility. The defense demonstrated quite effectively that Greene might well have hoped to gain favorable treatment by giving testimony beneficial to the prosecution—even though there was no evidence that a "deal" had in fact been made. Considering also that there was other powerful evidence against Harris, including tape recordings of his telephone conversations and meeting with Greene, we perceive no prejudice to Harris's substantial rights, even assuming (without conceding) that the trial court erred in its ruling.

■ Secondly, Harris contends that the trial court abused its discretion in denying his motion for a continuance. Five days before trial, Harris's appointed counsel withdrew, due to a lately discovered ethical conflict. The Court appointed new counsel, who moved for a continuance. Withdrawing counsel informed the court that the defendant had advised her of no witnesses whom it

was necessary to subpoena. Noting that new counsel would have four days in which to confer with the defendant and review the case, with benefit of materials accumulated by withdrawing counsel, the trial court denied the motion. On the day of trial, the motion was renewed, again without a statement of clear grounds, and was again denied. In view of all the circumstances, the defense did not demonstrate sufficient cause to require a continuance. RCr 9.04. The trial court did not abuse its discretion.

■ Harris next contends that the trial court erred by naming him in a facilitation instruction given on the charge against co-defendant Walker. The Walker instruction permitted a guilty verdict upon a finding, for example, that Walker had "aided Albert E. Harris, or any other person," in trafficking in cocaine. Appellant argued error in that there was no evidence that Walker facilitated Harris in trafficking, and prejudice in that the instruction gave undue prominence to the prosecution's theory that Harris was involved in trafficking on both occasions.

We find neither error nor prejudice. As it turned out, the jury found Walker guilty of the principal offense, and Harris guilty of facilitation on the occasion in question. There was nevertheless sufficient evidence upon which the jury might have found beyond a reasonable doubt that Harris had been the principal and Walker the facilitator. For example, Walker testified that, upon Greene's importuning, he told Greene that he would "check and see" and try to find someone who would sell cocaine to Greene. He further stated that he had intended to introduce Greene to someone with drugs to sell. Even if the instruction was erroneous, we find no substantial prejudice to Harris, particularly in view of the fact that no conviction was had under this instruction.

The final judgment and sentence of imprisonment of the Fayette Circuit Court is affirmed.

No. 92–SC–341–TG

■ Walker's principal issue is whether he was unfairly prejudiced when the trial court denied his motion for severance, in view of the fact that Harris was charged with and to be jointly tried for a separate offense, a second alleged drug transaction with which Walker had no connection. A similar case presented in *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984). In that case, one Lemons was charged as a co-participant in one theft, and tried along with other defendants charged with that and a series of other thefts. We held that it was prejudicial error to deny Lemons a separate trial, saying:

> RCr 6.20 permits joinder of defendants for trial if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. It is not authority for joinder of the trial of two or more defendants who are charged with the commission of separate acts or transactions constituting separate offenses.

*Id.* at 834.

The Commonwealth argues that the trial court's decision on a motion for severance must be upheld absent a clear demonstration of prejudice. It cites *Turpin v. Commonwealth*, Ky., 780 S.W.2d 619 (1989); *McQueen v. Commonwealth*, Ky., 721 S.W.2d 694 (1986); and *Rachel v. Commonwealth*, Ky., 523 S.W.2d 395 (1975) in support of its proposition that prejudice is not shown in this case. But neither *Turpin, McQueen* nor *Rachel* involved a co-defendant charged with a *separate* crime; the co-defendants in those cases were all charged with the same crime. The present case is much closer to *Jackson, supra.* Here, Walker denied that he and Harris had trafficked in narcotics on the occasion charged in count one (the only charge against Walker). Knowing that there was evidence that Harris had trafficked in narcotics on a different occasion made it more likely for the jury to infer that the allegations against Walker were true. We believe that this association demonstrates prejudice against Walker, and therefore reverse.

We have examined Walker's other issues on appeal, and find them without merit. We note that the record does not support appellant's assertion that Greene testified that Walker was a "mid-to-upper-level drug dealer."

In No. 92–SC–341–TG, the conviction is reversed, the sentence is vacated, and the matter is remanded to Fayette Circuit Court for further proceedings consistent with this opinion.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

SPAIN, J., joined by REYNOLDS and WINTERSHEIMER, JJ., dissents from the reversal of the conviction of WALKER, being of the opinion that the evidence of his guilt was overwhelming, rendering his joint trial with Harris harmless.