**COMMONWEALTH OF KENTUCKY,**
**Appellant,**

v.

**Terry ROBERTS, Appellee.**

**Commonwealth Of Kentucky,**
**Appellant,**

v.

**David R. Smith, Appellee.**

No. 2002–SC–0691–DG,
2002–SC–0326–DG.

Supreme Court of Kentucky.

Dec. 18, 2003.

A.B. Chandler III, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Joseph H. Mattingly III, Lisa K. Nally–Martin, Lebanon, Counsel for Appellant.

Jonathan Ray Spalding, Lebanon, Counsel for Appellee Roberts.

Samuel Todd Spalding, Lebanon, Counsel for Appellee Smith.

WINTERSHEIMER, Justice.

We have considered these two appeals together because they concern a principal issue that is common to both cases. That issue involves the foundation requirements for admission of a breath alcohol test. The question also involves how service records are to be presented in a case concerning verification of a self-calibrated instrument.

In *Commonwealth v. Roberts*, 122 S.W.3d 524, 2003 WL 22971136 (2003), the Commonwealth appeals from a decision of the Court of Appeals denying its motion for discretionary review. The case involves an opinion of the Adair circuit court reversing a judgment of the district court based on a jury verdict convicting Roberts of first offense DUI. He was fined $200.

In *Commonwealth v. Smith*, 122 S.W.3d 524, 2003 WL 22971136 (2003), the Commonwealth appeals from a decision of the Court of Appeals reversing an order of the Marion circuit court that had affirmed the judgment of the district court based on a jury verdict convicting Smith of first offense DUI. He was fined $500.

The principal issue in both cases is whether the Adair circuit court in *Roberts, supra,* and the Court of Appeals in *Smith,*

*supra,* erred in reversing the respective convictions based on the failure of the Commonwealth to lay the proper foundation for the admission of the breath tests. Another issue unique to *Smith* is whether the Court of Appeals should have dismissed his appeal for his failure to designate evidence in the record.

We will briefly summarize the facts in the two cases. Roberts was arrested in October 2000 for operating a motor vehicle under the influence of alcohol, first offense. He submitted to a breath test that measured a .096 blood alcohol content. At that time, the legal limit was .080. In 2001, he was tried before a jury in district court where he was found guilty of the charge and was fined $200.00.

At trial, counsel for Roberts objected to the admission of the breath test based on an improper foundation. The test was administered by a Kentucky state police trooper using a Breathalyzer machine at the Columbia city police department and identified as an Intoxilyzer 5000. The state trooper read from the machine's maintenance record, but he had no personal knowledge of those records and was not the custodian of them. He could not testify as to the authenticity or accuracy of the records and the Commonwealth offered no other witness to do so. The trooper testified that the machine worked properly when he used it.

On appeal, the circuit judge determined that the testimony of the state trooper standing alone was insufficient to establish that the machine had been properly maintained and serviced regularly. The circuit judge concluded that the requirements of *Commonwealth v. Wirth,* Ky., 936 S.W.2d 78 (1997) were not satisfied and reversed the conviction. The Court of Appeals denied discretionary review, but this Court accepted discretionary review.

Smith was arrested in 1997 for operating a motor vehicle under the influence of alcohol, first offense. He submitted to a breath test that measured a .131 blood alcohol content. Smith was tried in 1999 before a jury in district court, which found him guilty of the charge. He was fined $500. The circuit court affirmed his conviction, but the Court of Appeals reversed because it stated that the Commonwealth failed to meet the foundation requirements for admission of the breath test. This Court accepted discretionary review.

This Court is aware that there exists among some courts in the Commonwealth conflicting interpretations surrounding certain language in this Court's opinion in *Wirth, supra,* dealing with the foundation requirements of a breath test. We now seek to clarify our holding in that case. In *Wirth,* we stated that the standards set forth in *Marcum v. Commonwealth,* Ky., 483 S.W.2d 122 (1972) and *Owens v. Commonwealth,* Ky., 487 S.W.2d 897 (1972) remain the principal foundation requirement for admission of a breath test. Those standards are as follows:

1) That the machine was properly checked and in proper working order at the time of conducting the test.

2) That the chemicals employed were of the correct kind and compounded in the proper proportions.

3) That the subject had nothing in his mouth at the time of the test and that he had taken no food or drink within fifteen minutes prior to taking the test.

4) That the test be given by an operator who is properly trained and certified to operate the machine.

5) That the test was administered according to standard operating procedures.

The court in *Wirth* went on to say that:

The only additional requirements are found in KRS 189A.103 (3)(a), KRS 189A.103(4), and 500 KAR 8:020(2), which may be satisfied by means of business or public records showing compliance with the additional requirements. Provided the documentary evidence may be properly admitted, it is unnecessary to produce the testimony of the technician who serviced and calibrated the machine.

We find it necessary to set out those statutes and the regulation referred to by *Wirth*. KRS 189A.103(3)(a) states:

Tests of the person's breath, blood, or urine, to be valid pursuant to this section, shall have been performed according to the administrative regulations promulgated by the secretary of the Justice Cabinet, and shall have been performed, as to breath tests, only after a peace officer has had the person under personal observation at the location of the test for a minimum of twenty minutes.

KRS 189A.103(4) reads:

A breath test shall consist of a test which is performed in accordance with the manufacturer's instructions for the use of the instrument. The secretary of the Justice Cabinet shall keep available for public inspection copies of these manufacturer's instructions for all models of breath testing devices in use by the Commonwealth of Kentucky.

500 KAR 8:020(2) states:

A breath alcohol instrument shall be accurate within plus or minus 0.005 alcohol concentration units reading to be certified. To determine accuracy of instruments, a technician trained or employed by the Forensic Laboratory Section of the Department of State Police shall perform analyses using a certified reference sample at regular intervals.

(2) All breath alcohol analysis instruments shall be examined by a technician trained or employed by the Forensic Laboratory Section of the Department of State Police prior to being placed into operation and after repairs of any malfunctions.

Although not set forth in *Wirth*, we must also include 500 KAR 8:030(2), which reads:

A breath alcohol concentration test shall consist of the following steps in this sequence:

(a) Ambient air analysis;

(b) Alcohol simulator analysis;

(c) Ambient air analysis;

(d) Subject breath sample analysis; and

(e) Ambient air analysis.

(3) Each ambient air analysis performed as part of the breath alcohol testing sequence shall be less than 0.010 alcohol concentration units.

We must observe that the "additional requirements" stated in *Wirth* are not in fact additions, but are modifications of the already existing standards set out in *Marcum, supra,* and *Owens, supra.* KRS 189A.103(3)(a) changes the standard in *Marcum* and *Owens* concerning the fifteen minute time frame and now specifies that a peace officer personally observe the subject for twenty minutes. See also 500 KAR 8:020(1). KRS 189A.103(4) effectuates no change. It requires the test to be performed in accordance with the manufacturer's instructions. The language in *Marcum* and *Owens* states that the test should be administered according to standard operating procedures. We find this to be a distinction without a difference. 500 KAR 8:020(2) only specifies the standards involved in properly checking the machine. Finally, 500 KAR 8:030(2) modifies the requirement that the operator state that the "chemicals were of the cor-

rect kind and compounded in the proper portions" and now sets forth the steps and sequence to be followed when giving the test.

Based on the relevant cases, statutes and administrative regulations in this opinion, we restate the evidence necessary to lay the proper foundation for admission of a breath test:

1) That the machine was properly checked and in proper working order at the time of conducting the test.

2) That the test consist of the steps and the sequence set forth in 500 KAR 8:030(2).

3) That the certified operator have continuous control of the person by present sense impression for at least twenty minutes prior to the test and that during the twenty minute period the subject did not have oral or nasal intake of substances which will affect the test.

4) That the test be given by an operator who is properly trained and certified to operate the machine.

5) That the test was performed in accordance with standard operating procedures.

*Wirth* noted that in *Marcum* and *Owens* "we held that the test results should be admitted on the testimony of the operator." As to what it termed additional requirements found in the statutes and administrative regulations, *Wirth* stated that they "may be satisfied by means of business or public records showing compliance with the additional requirements." Again, we clarify the language in *Wirth*, and note that there were no additional requirements, but rather modifications of the previous requirements. *Wirth* continued, "Provided the documentary evidence may be properly admitted, it is unnecessary to produce the testimony of the technician who serviced and calibrated the machine."

■ Although *Wirth* did not overrule *Marcum* or *Owens*, it recognized the importance of the records showing compliance with the foundation requirements. We now further clarify our position in *Wirth* and hold that the Commonwealth can satisfy the foundation requirements for introducing a breath test by relying solely on the testimony of the operator so long as the documentary evidence, i.e., the service records of the machine and the test ticket produced at the time of the test, are properly admitted. If the documentary evidence is properly admitted, it is unnecessary to produce the testimony of the technician who serviced and calibrated the machine. We overrule *Marcum* and *Owens* to the extent that they are inconsistent with this opinion.

■ We now address the two cases before us. In reversing Roberts' conviction, the circuit judge correctly noted that *Wirth* provides that proof a Breathalyzer machine is in proper working order must be shown by either the testimony of the technician who serviced it or by properly introducing the machine's maintenance records. He then stated:

In this case, the state trooper read from the machine's maintenance records, but he had no personal knowledge of the machine's records and he was not the custodian of those records. He could not testify to the authenticity or accurateness of the records, and the Commonwealth offered no other witness to do so either. Although the trooper testified that the machine worked properly when he used it, his testimony alone was insufficient to establish that the machine had been properly maintained and serviced regularly. Therefore, the requirements of *Wirth* were not met.

The maintenance records are admissible under KRE 803(6), the business records exception, or KRE 803(8), the public rec-

ords exception. *Cf. Wirth.* It should be noted that KRE 902(11) facilitates the introduction of the business records under KRE 803(6). Based on the language of the circuit judge set out above, it appears that he only considered KRE 803(6) and not KRE 803(8). As we noted in *Prater v. Cabinet for Human Resources,* Ky., 954 S.W.2d 954 (1997):

> ... KRE 803(6) requires foundation testimony from a "custodian or other qualified witness." There is not such requirement in KRE 803(8). A record is not admissible under KRE 803(6) unless its maker or someone reporting to the maker under a business duty to do so had personal knowledge of the event recorded. Such is not required by KRE 803(8) if the record is of a regularly conducted and regularly reported activity. KRE 803(6) requires that the entry be made at or near the time that the recorded event occurs. Again, KRE 803(8) contains no such requirement. Note that both rules contain a disclaimer that admission can be denied if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." (Internal citation omitted).

Nevertheless, a review of the record demonstrates that the requirements of neither rule of evidence were met in this case. Thus, we agree with the result reached by the circuit judge.

We must observe an additional problem in this case in that there was no testimony concerning the steps and the sequence set forth in 500 KAR 8:030(2). Nor is the document contained in the record compliant with that regulation. That document was apparently attached to the uniform citation, but it only shows a calibration check and the subject test. It does not make reference to the two ambient air analysis tests or the alcohol simulator analysis. The deficiency is all the more apparent when compared to the test ticket in *Smith,* which does reflect the proper information.

For the reasons stated above, we must conclude that the Commonwealth did not satisfy the proper foundation requirements in order to admit the breath test. We therefore affirm the circuit judge in so far as he reversed Roberts' conviction and we remand this case to the district court for further proceedings consistent with this opinion.

■ In *Smith,* we are presented with a rather unique issue. The Commonwealth argues that Smith's appeal should have been dismissed by the Court of Appeals because he failed to properly designate evidence in the record on appeal as required by CR 75.01. We agree.

After Smith was convicted in district court, he appealed the judgment to the Marion circuit court, which affirmed the conviction. Thereafter, Smith filed a motion for discretionary review in the Court of Appeals which granted the motion and ordered that the "evidence designated under CR 75.01 must be transcribed." Smith failed to transcribe the evidence and designate it for inclusion in the record. Nevertheless, the Court of Appeals determined that the lack of testimony was not critical because, "It is undisputed that the Commonwealth presented neither the records nor a technician's testimony, and thus failed to meet the foundation requirements set forth in *Wirth* for the introduction of the breathalyzer result."

The record before this Court is the same record that was before the Court of Appeals. It does not contain transcripts or audiotapes of the trial conducted in the district court. In *Oldfield v. Oldfield,* Ky., 663 S.W.2d 211 (1983) we stated:

[I]f consideration of the transcript of evidence is necessary to the determination of the issue raised by appeal, and the transcript of evidence is not designated for inclusion in the record, the appellate court finds itself unable to resolve the issue because the record is insufficient, and the appeal must be dismissed.

We believe the failure of Smith to transcribe the evidence was fatal to his appeal. The record before this Court includes a proper test ticket produced after the peace officer administered the breath test to Smith. Although the service logs are not included, it is impossible to determine from the record whether the service technician testified. We note that the district court judgment reflects that the peace officer who administered the test testified, as well as the defendant and a third individual unknown to this Court, Bernard Benningfield.

Here, without the testimony of the district court trial, a reviewing court could not properly resolve the evidentiary questions presented. Thus, the Court of Appeals erred in considering the evidentiary issue and should have dismissed the appeal and affirmed the order of the Marion circuit court affirming the judgment of conviction. Accordingly, based on the record before this Court, we reverse the opinion of the Court of Appeals and reinstate the judgment of conviction.

It is the holding of this Court that the Commonwealth can satisfy the foundation requirements for introducing a breath test by relying solely on the testimony of the operator so long as the documentary evidence, i.e., the service records of the machine and the test ticket produced at the time of the test, are properly admitted. If the documentary evidence is properly admitted, it is unnecessary to produce the testimony of the technician who serviced and calibrated the machine.

In *Roberts*, we affirm the opinion of the Adair circuit court reversing the judgment of conviction and we remand this matter for further proceedings consistent with this opinion. In *Smith*, we reverse the Court of Appeals opinion reversing the order of the Marion circuit court, which had affirmed the judgment of conviction, and we reinstate the judgment of conviction.

All concur.